## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FELTON ADAM ROBICHAUX,**
   **Plaintiff**

**VERSUS**

**HUNTINGTON INGALLS**
**INCORPORATED, ET AL.,**
   **Defendants**

**CIVIL ACTION**

**NO.  22-610**

**SECTION: "E" (5)**

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiff Felton A. Robichaux ("Plaintiff").[1] Defendant Huntington Ingalls Incorporated ("Avondale") filed an opposition.[2]

For the reasons that follow, Plaintiff's motion to remand is **DENIED**.[3]

## BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos. Plaintiff alleges he was "diagnosed with asbestos-related mesothelioma on or about January 14, 2022."[4] Plaintiff alleges he was exposed to asbestos containing products on Avondale's premises—that is, at Avondale Shipyards.[5] Plaintiff alleges he worked at Avondale Shipyards from 1961 to 1979 as a carpenter and insulator.[6] Plaintiff further alleges from 1961 to 1979 he was exposed to injurious levels of asbestos during his employment at Avondale Shipyards through his exposure to asbestos-containing products supplied, distributed by Defendants Eagle, Inc and Taylor-Seidenbach, Inc.[7]

---

[1] R. Doc. 27.
[2] R. Doc. 43.
[3] R. Doc. 27.
[4] R. Doc. 1-2 at p. 2, ¶ 3
[5] *Id.* at ¶ 4.
[6] *Id.* at ¶ 12.
[7] *Id.* at ¶¶ 4, 12.

Plaintiff alleges his brother also worked at Avondale Shipyards during the relevant time frame, that Plaintiff's brother was exposed to asbestos fibers, and that the asbestos fibers and dust contaminated his brother's person, clothing, vehicle, home, and personal items, and that Plaintiff was exposed to the asbestos fibers carried home by his brother.[8] Plaintiff further alleges he was exposed to asbestos contaminated clothing from other Avondale workers aboard the labor bus Plaintiff took to and from the Avondale Shipyards.[9]

On January 27, 2022, Plaintiff filed a petition for damages in Civil District Court, Parish of Orleans, State of Louisiana, against several Defendants, including the Insurers.[10] Plaintiff brings negligence claims against all Defendants based on the Defendants' failure to warn Plaintiff of the dangers of asbestos exposure, failure to provide adequate ventilation to minimize asbestos exposure, failure to provide respiratory equipment to protect Plaintiff from asbestos exposure, and failure to implement an asbestos decontamination policy or procedure to prevent asbestos fibers and dust from exposing others outside of the Avondale Shipyards.[11] Plaintiff also brings negligence and strict liability claims against Eagle, Inc., Union Carbide Corporation, Taylor-Seidenbach, Inc., Foster Wheeler Energy Corporation, General Electric Company, Hopeman Brothers, Inc., Liberty Mutual Insurance Company, International Paper Company, Maryland Casualty Company, Uniroyal, Inc., Sentry Insurance Company, Employers Insurance Company of Wausau, Viacom CBS, Inc., 3M Company, Metropolitan Life Insurance Company, and Bayer Conscience, Inc., for manufacturing, distributing, supplying, selling, or using asbestos-containing products, causing Plaintiff to be exposed to asbestos-containing

---

[8] *Id.* at ¶ 13.
[9] *Id.* at ¶ 14.
[10] *See generally id.*
[11] *Id.* at ¶¶ 22–25.

products.[12] Plaintiff also brings negligence and strict liability claims against Avondale, alleging Avondale is liable for Plaintiff's injuries for failing to provide Plaintiff "a safe place to work free from the dangers of respirable asbestos-containing dust."[13]

Avondale removed Plaintiff's suit to federal court on March 10, 2022.[14] In its Notice of Removal, Avondale asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises under the Constitution, laws or treaties of the United States, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1).[15]

On April 11, 2022, Plaintiff filed the instant motion to remand.[16]  Plaintiff argues that remand is warranted because Avondale's "removal was defective and untimely under § 1446(b), and because [Avondale] failed to satisfy the requirements under § 1442(a).[17] On May 3, 2022, Avondale filed an opposition to Plaintiff's motion to remand.

## <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[18] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[19] Under 28 U.S.C. § 1442, Congress has allowed for the removal of state cases commenced against

> [t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title

---

[12] *Id.* at ¶¶ 26–30
[13] *Id.* at ¶¶ 31–55.
[14] R. Doc. 1.
[15] *Id.* at p. 1.
[16] R. Doc. 27.
[17] R. Doc. 27-1 at p. 5.
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).
[19] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002).

3

or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The time for removal is set forth in 28 U.S.C. § 1446, which provides:

(b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.[20]

. . .

(g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

Generally, a defendant must file a notice of removal within 30 days of being served the initial complaint.[21] An exception exists, however, if more than 30 days after service the defendant receives an "amended pleading, motion, order, or other paper from which it may be first be ascertained that the case is one which is or has become removable."[22] Discovery responses, including answers to interrogatories made by voluntary act of the plaintiff,[23] constitute an "other paper" under the statute, "triggering the 30-day removability period."[24] Discovery responses must be "unequivocally clear and certain" to support removal under this rule.[25]  This reduces premature "protective' removals" by

---

[20] 28 U.S.C. 1446(b) (emphasis added).

[21] 28 U.S.C. § 1446(b)(1).

[22] 28 U.S.C. § 1446(b)(2)(3).

[23] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. Aug. 26, 1992) ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.'") ; *See also S.W.S. Erectors, Inc.*, 72 F.3d at 494 (holding that the defendant may not produce the removable event, but rather that the plaintiff must voluntarily produce or plead information that reveals a removable ground for jurisdiction).

[24] *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed.Appx. 437, 440 (5th Cir. Mar. 4, 2011). *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) ("We hold that the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the 30–day period for removing. On the other hand, a transcript of the deposition testimony is 'other paper.'").

[25] *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. April 8, 2002) (citing *DeBrey v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (holding that if the 30-day period under § 1446(b) "is going to run, the notice ought to be unequivocal")).

defendants who fear being time-barred in cases with initial pleadings that lack sufficient information to determine any federal jurisdiction.[26] Judicial economy is promoted by relieving the Court from delving into what the defendant subjectively knew or did not know and instead allows the Court to look directly at the pleadings, motions, orders, and other paper.[27]

## LAW AND ANALYSIS

### I.   Avondale has satisfied the requirements for removal under 42 U.S.C. § 1442(a)(1).

Section 1442(a)(1), "is a pure jurisdictional statute in which the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for [Article III] purposes."[28] This statute allows federal officers to "remove cases to federal court that ordinary federal question removal would not reach[, ] . . . even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response."[29] Broadly speaking, this statute allows for removal "where a federal official is entitled to raise a defense arising out of his official duties."[30] The goal of the statute is to "prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."[31]

Ordinarily, the removing defendant has the burden to establish that federal jurisdiction exists.[32] However, because § 1442(a) must be liberally construed,[33] whether

---

[26] *Chapman*, 969 F.2d at 163.
[27] *Id.*
[28] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).
[29] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. Feb. 24, 2020).
[30] *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).
[31] *Id.* at 397–98.
[32] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. Mar. 7, 1995)).
[33] *See, e.g, City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.").

federal officer removal jurisdiction exists must be assessed "without a thumb on the remand side of the scale."[34] The federal officer removal statute authorizes removal if: (1) the defendant is a person within the meaning of the statute; (2) the defendant "acted under" the direction of a federal officer; (3) the defendant's conduct is "connected or associated with" or "related to" a federal directive;[35] and (4) the defendant has a colorable federal defense.[36]

In its Notice of Removal, Avondale asserts that during Plaintiff's alleged period of employment from 1961 to 1979, Avondale constructed numerous vessels pursuant to contracts with the federal government.[37] Specifically Avondale asserts it constructed vessels for the federal government pursuant to contracts with United States Navy, the United States Coast Guard, and the United States Maritime Administration ("MARAD"), and that the federal vessels constructed during Plaintiff's alleged exposure period included U.S. Navy Destroyer Escorts, U.S. Coast Guard Cutters, and Lykes, LASH, and States lines cargo vessels for MARAD (the "Federal Vessels").[38] Avondale further asserts in its Notice of Removal that the Federal Vessels were built with asbestos-containing products and materials pursuant to Navy, Coast Guard, and MARAD requirements, and that, to the extent Plaintiff alleges exposure to asbestos during his employment with Avondale, "such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy, U.S. Coast Guard, and MARAD vessels."[39]

---

[34] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citations omitted).

[35] *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, No. 20-30093 at *12 (5th Cir. March 8, 2021) (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291 and 296 (5th Cir. Feb. 24, 2020) and rejecting the Fifth Circuit's former "causal nexus" requirement).

[36] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. Feb. 24, 2020).

[37] R. Doc. 1 at p. 3, ¶ 4.

[38] *Id.* at p. 4, ¶ 4.

[39] *Id.*

In its Notice of Removal, Avondale asserts the four requirements for establishing jurisdiction under § 1442(a)(1) are met, and that, as a result, removal is proper. Avondale argues it is a "person"; that it "acted under" the direction of the Navy, Coast Guard, and MARAD; that Plaintiff's claims against Avondale are claims for or related to acts performed under color of federal directives because the use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the Navy, Coast Guard, and MARAD; and that it raises two colorable federal defenses.[40]

In his motion to remand, however, Plaintiff argues remand is warranted because all the requirements under § 1442(a)(1) because Avondale cannot demonstrate a valid colorable federal defense.[41] Plaintiff challenges only whether Avondale has raised a colorable federal defense.[42]

Avondale raises two federal defenses to Plaintiff's claims. First, Avondale raises the federal defense of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and its progeny.[43] Second, the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny.[44]

The federal officer defense recognized in *Boyle* "extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions."[45] In *Boyle*, the Supreme Court held state law liability may not be imposed for design defects in military equipment "when (1) the United States approved reasonably

---

[40] R. Doc. 1 at pp. 5–8, ¶¶ 8-20.
[41] R. Doc. 27-1 at p. 6.
[42] *Id.*
[43] R. Doc. 3 at pp. 8, 20.
[44] R. Doc. 3 at p. 9, ¶ 22.
[45] *Latiolais*, 951 F.3d at 297.

precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[46] For the *Yearsley* derivative sovereign immunity defense to apply, there are two elements that must be satisfied: (1) the work done was "authorized and directed by the Government of the United States" and "performed pursuant to the Act of Congress" and (2) the contractor "simply performed as the Government directed."[47]

In his motion to remand, Plaintiff argues in order to invoke the *Boyle* defense, a defendant must "'establish that the federal government was involved in the decision to give or not to give a warning and that the defendant complied with the federal government's provisions.'"[48] Plaintiff further argues there is no evidence in this case that the Navy contracts dictated what warnings were to be provided to employees or what safety precautions were to be implemented to prevent spread of asbestos from the Avondale shipyards.[49] Plaintiff argues that, unless Avondale can produce some evidence to this effect, its defense under *Boyle* is not colorable. With respect to the *Yearley* defense, Plaintiff argues a defendant is required to produce some evidence that the plaintiff's injury "was attributable to actions taken pursuant to a specific government specification or instruction," and that the defendant specifically adhered to that instruction.[50] Plaintiff argues Avondale cannot present a colorable defense under *Yearsley* because "there is no evidence that the Navy contracts in question dictated the warnings Avondale must

---

[46] *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988).
[47] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016) (quoting *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 20 (1940)).
[48] R. Doc. 27-1 at p. 6 (quoting *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 353 (5th Cir. 2010)).
[49] *Id.*
[50] *Id.* at p. 7.

provide regarding asbestos exposure or what safety precautions must be implemented to prevent spread of asbestos from the Avondale Shipyards."[51]

In *Latiolais v. Huntington Ingalls, Inc.*, a case involving Avondale's removal of the plaintiff's suit on the basis of § 1442, the Fifth Circuit, explained that

> [t]o be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.'" *Jefferson County*, 527 U.S. at 431, 119 S. Ct. at 2075 (quoting *Willingham*, 395 U.S. at 407, 89 S. Ct. at 1816). Instead, an asserted federal defense is colorable unless it is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *See Zeringue*, 846 F.3d at 790; *see also Bell*, 743 F.3d at 89–91 (deeming an asserted federal defense colorable simply because it satisfied the "causal connection" requirement). Certainly, if a defense is plausible, it is colorable. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (plausible claim survives a motion to dismiss), *with Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."), *and Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249, 71 S. Ct. 692, 694, 95 L.Ed. 912 (1951) ("If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has.").[52]

In *Latiolais*, an injured machinist brought suit against Avondale, defendant in this matter, for exposure to asbestos while working for Avondale installing thermal insulation aboard the USS *Tappahannock*.[53] Following a review of affidavits, deposition testimonies, and other items in the record, the Fifth Circuit found Avondale sufficiently offered evidence that the three *Boyle* conditions had been met. Plaintiff argues that Avondale cannot succeed on its federal defenses unless Avondale produces evidence the government contracts at issue dictated what warnings were to be provided to employees or what safety precautions were to be implemented to prevent spread of asbestos from

---

[51] *Id.*
[52] , 296–97 (5th Cir. 2020).
[53] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 289 (5th Cir. Feb. 24, 2020).

the Avondale shipyards. This argument misses the mark because it mistakes the jurisdictional inquiry into whether the defense is colorable for an inquiry into the merits of Avondale's federal defenses. As explained in *Latiolais*, a colorable federal defense does not need to be "clearly sustainable."[54] It is not for the Court to decide today whether the *Boyle* or *Yearsley* federal contractor defenses have merit and shield Avondale from liability. Said differently, the issue is not whether Avondale's federal defenses will ultimately provide a defense against Plaintiff's claims; but whether the federal defenses are not wholly insubstantial and frivolous. The Court need only find—which it does—that Avondale raised a *colorable* federal defense. Avondale raises federal defenses that are plausible and not frivolous or immaterial. Avondale need not win its case before it can be removed.[55]

A brief examination of Avondale's evidence in light of the *Boyle* factors and the Fifth Circuit's decision in *Latiolais* makes clear that Avondale raises a colorable federal defense under *Boyle*. Before the Court turns to the *Boyle* factors, however, two points must be made. First, Plaintiff argues that

> where, as is the case here, the claims against the defendant are premised on a failure to warn, the Defendant must show: (1) the federal government exercised discretion and approved warnings for the product; (2) the warnings the defendant provided about the product conformed to the federal government specification; and (3) the defendant warned the federal government about dangers known to the defendant but not the government.[56]

In *Latiolais*, however, the plaintiff—like Plaintiff in this case—"allege[d] that Avondale failed to warn him of the dangers of asbestos and failed to take measures to prevent

---

[54] *Id.* at 296.
[55] *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) ("We therefore do not require the officer virtually to 'win his case before he can have it removed.'") (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).
[56] R. Doc. 27-1 at p. 6.

exposure."[57] Nevertheless, in *Latiolais,* the Fifth Circuit in *Latiolais* considered whether the following three factors were met to determine whether the *Boyle* defense was colorable: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[58] As a result, the Court will consider the three *Boyle* factors as set out in *Latiolais* rather than as urged by Plaintiff. Second, "[b]ecause the Court finds a colorable federal contractor immunity defense under *Boyle*, it need not reach Avondale's argument that it also has a colorable federal defense under" *Yearsley*.[59]

Turning now to the three *Boyle* factors, in *Latiolais,* the Fifth Circuit found that Avondale's evidence regarding the first element of the *Boyle* defense was colorable because

> Avondale submitted one affidavit and deposition testimony alleging that the Navy required installation of asbestos on the Tappahannock, as well as another affidavit alleging that the Navy generally required Avondale to install asbestos and to comply with certain related safety practices.[60]

In this case, Avondale has submitted evidence, including an affidavit and deposition testimony, demonstrating that the Federal Vessels were built pursuant to contracts executed between Avondale and the Navy, Coast Guard, and MARAD.[61] Avondale's evidence makes colorable that the government approved reasonably precise specifications about the installation of asbestos.[62] As to the second factor, Avondale has submitted evidence that these contracts contained mandatory specifications requiring Avondale to

---

[57] Latiolais v. Huntington Ingalls, Inc., 951 F.3d 286, 296 (5th Cir. 2020) (quoting Boyle, 487 U.S. at 512) (internal quotations omitted).
[58] *Id.* at 297.
[59] *Pitre v. Huntington Ingalls, Inc.*, No. CV 17-7029, 2017 WL 6033032, at *6 (E.D. La. Dec. 6, 2017).
[60] *Latiolais*, 951 F.3d at 297.
[61] R. Doc. 43-5 at ¶¶ 15-45; R. Doc. 43-6 at p. 10; R. Doc. 43-12 at ¶ 6.
[62] *See id.*

use asbestos-containing materials in constructing the Federal Vessels.[63] Avondale's evidence makes colorable the second element of the *Boyle* defense, namely, that it complied with the government's design specifications by installing asbestos in the Federal Vessels. Avondale's evidence shows that the federal government maintained strict oversight of Avondale's activities to ensure compliance, and that Avondale was never placed in default of contract or cited for failing to comply with specifications, but that, on the contrary, the federal government continued to award Avondale shipbuilding contracts.[64] Avondale has presented an affidavit containing a sworn declaration to the effect that Avondale "complied with governmental and industry rules and regulations relative to asbestos air quality."[65] Turning to the third *Boyle* factor, in *Latiolais*, the Fifth Circuit explained that

> Avondale's evidence tends to support that the federal government knew more than Avondale knew about asbestos-related hazards and related safety measures. From such evidence, it is colorable that Avondale did not omit warning the government about any dangers about which the government did not know.[66]

In this case, Avondale has submitted an affidavit from Christopher Herfel, a marine engineer, who attests to the fact that the government knew as much, if not more, than Avondale did about the hazards of asbestos exposure.[67] Specifically, Herfel attests that the United States government as a whole, from the 1940s to the present, has developed and acquired "state-of-the-art knowledge concerning potential risks or hazards relating to work with or around a multitude of products and materials, including those which contained asbestos," and that it is "inconceivable that contract shipyards, such as

---

[63] R. Doc. 43-5 at ¶¶ 15-45.
[64] R. Doc. 43-9 at p. 4; R. Doc. 43-18 at pp. 2–5.
[65] R. Doc. 43-12 at ¶ 6.
[66] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 298 (5th Cir. 2020).
[67] R. Doc. 43-5 at ¶¶ 60–63.

Avondale, would have had the same level of sophisticated knowledge as the Navy concerning potential asbestos hazards."[68] Avondale also submitted the affidavit of Danny Joyce, an industrial hygienist and long-time corporate designee for Avondale, who has spent years "investigating historic asbestos use and asbestos work practices in connection with building and repairs of marine vessels."[69] In his affidavit, Joyce attests that "Avondale did not have any information regarding the hazards of asbestos that was not known by the Federal Government."[70] In addition, Avondale also offers the deposition testimony of Dr. Richard Lemen, a retired Assistant Surgeon General of the United States, who testified that the U.S. Public Health Service collected and reviewed scientific literature on asbestos beginning in the 1930s.[71] Avondale's evidence satisfied the third *Boyle* factor because, based on Avondale's evidence, "it is colorable that Avondale did not omit warning the government about any dangers about which the government did not know."[72]

Avondale has raised a colorable federal officer defense under *Boyle*.

**II.**    <u>**Avondale's Notice of Removal was filed in a timely manner.**</u>

Plaintiff's state court petition was filed on January 27, 2022, and Avondale's Notice of Removal was filed on March 10, 2022.[73] In the Notice of Removal, Avondale asserts its Notice of Removal "is being filed within thirty days of service of Plaintiff's Petition for Damages on Avondale, February 9, 2022, and is therefore, timely under 28 U.S.C. § 1446.[74] Plaintiff argues Avondale's removal was untimely because "removal took place

---

[68] *Id.* at ¶ 63.
[69] R. Doc. 43-6 at p. 1, ¶ 1.
[70] *Id.* at p. 2, ¶ 9.
[71] R. Doc. 43-23.
[72] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 298 (5th Cir. 2020).
[73] *See* R. Doc. 1.
[74] *Id.* at p. 4, ¶ 6.

approximately forty-two (42) days following receipt of Plaintiff's Original Petition, twelve (12) days after the expiration of the thirty-day removal deadline as prescribed under 28 U.S.C. § 1446."[75] Plaintiff's argument is based on the incorrect assumption that the thirty-day deadline set forth in § 1446 began to run on January 27, 2022, the day his state court petition was filed. Section 1446(b) is clear that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."[76] A sheriff's return attached to Avondale's opposition reflects that Avondale was served with a summons and copy of the petition on February 9, 2022.[77] Avondale's Notice of Removal was filed 29 days after Avondale was served with Plaintiff's petition. Under § 1446(b), Avondale's Notice of Removal was timely filed.[78]

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to remand[79] is **DENIED**.

**New Orleans, Louisiana, this 17th day of May, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[75] R. Doc. 27-1 at p. 5.
[76] 28 U.S.C. § 1446(b)(1).
[77] R. Doc. 43-3.
[78] Because the Court concludes Avondale's Notice of Removal was filed within 30 days of service of process on Avondale, the Court need not address whether Avondale timely removed this lawsuit within 30 days of Plaintiff's February 8, 2022 deposition, which allegedly was the first indication that his claims of asbestos exposure were from or related to Avondale's work constructing vessels for the federal government.
[79] R. Doc. 27.