UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ADAM ROBICHAUX,**<br>    **Plaintiff**<br><br>**VERSUS**<br><br>**HUNTINGTON INGALLS**<br>**INCORPORATED, ET AL.,**<br>    **Defendants** | **CIVIL ACTION**<br><br>**NO.  22-610**<br><br>**SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment, filed by Plaintiff Felton A. Robichaux ("Plaintiff").[1] Defendant Huntington Ingalls Incorporated ("Avondale") filed an opposition.[2] Plaintiff filed a reply.[3] Avondale filed a sur reply.[4]

### BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos. Plaintiff alleges he was "diagnosed with asbestos-related mesothelioma on or about January 14, 2022."[5] Plaintiff alleges he was exposed to asbestos containing products on Avondale's premises—that is, at Avondale Shipyards.[6] Plaintiff alleges he worked at Avondale Shipyards from 1961 to 1979 as a carpenter and insulator.[7] Plaintiff further alleges from 1961 to 1979 he was exposed to injurious levels of asbestos during his employment at Avondale Shipyards through his exposure to asbestos-containing products supplied, distributed by Defendants Eagle, Inc and Taylor-Seidenbach, Inc.[8]

---

[1] R. Doc. 29.
[2] R. Doc. 47.
[3] R. Doc. 52.
[4] R. Doc. 55.
[5] R. Doc. 1-2 at p. 2, ¶ 3
[6] *Id.* at ¶ 4.
[7] *Id.* at ¶ 12.
[8] *Id.* at ¶¶ 4, 12.

1

Plaintiff alleges his brother also worked at Avondale Shipyards during the relevant time frame, that Plaintiff's brother was exposed to asbestos fibers, and that the asbestos fibers and dust contaminated his brother's person, clothing, vehicle, home, and personal items, and that Plaintiff was exposed to the asbestos fibers carried home by his brother.[9] Plaintiff further alleges he was exposed to asbestos contaminated clothing from other Avondale workers aboard the labor bus Plaintiff took to and from the Avondale Shipyards.[10]

On January 27, 2022, Plaintiff filed a petition for damages in Civil District Court, Parish of Orleans, State of Louisiana, against several Defendants, including the Insurers.[11] Plaintiff brings negligence claims against all Defendants based on the Defendants' failure to warn Plaintiff of the dangers of asbestos exposure, failure to provide adequate ventilation to minimize asbestos exposure, failure to provide respiratory equipment to protect Plaintiff from asbestos exposure, and failure to implement an asbestos decontamination policy or procedure to prevent asbestos fibers and dust from exposing others outside of the Avondale Shipyards.[12] Plaintiff also brings negligence and strict liability claims against Eagle, Inc., Union Carbide Corporation, Taylor-Seidenbach, Inc., Foster Wheeler Energy Corporation, General Electric Company, Hopeman Brothers, Inc., Liberty Mutual Insurance Company, International Paper Company, Maryland Casualty Company, Uniroyal, Inc., Sentry Insurance Company, Employers Insurance Company of Wausau, Viacom CBS, Inc., 3M Company, Metropolitan Life Insurance Company, and Bayer Conscience, Inc., for manufacturing, distributing, supplying, selling, or using asbestos-containing products, causing Plaintiff to be exposed to asbestos-containing

---

[9] *Id.* at ¶ 13.
[10] *Id.* at ¶ 14.
[11] *See generally id.*
[12] *Id.* at ¶¶ 22–25.

products.[13] Plaintiff also brings negligence and strict liability claims against Avondale, alleging Avondale is liable for Plaintiff's injuries for failing to provide Plaintiff "a safe place to work free from the dangers of respirable asbestos-containing dust."[14]

Avondale removed Plaintiff's suit to federal court on March 10, 2022.[15] In its Notice of Removal, Avondale asserts this Court has Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises under the Constitution, laws or treaties of the United States, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1).[16] On March 10, 2022, Avondale filed its answer with incorporated affirmative defenses, third-party claims and crossclaims.[17] As relevant to the instant motion,[18] Avondale asserted several affirmative defenses, including the following: (i) "Plaintiffs' claims are barred by the government contractor immunity defense established in *Boyle v. United Technologies Corporation*"; and (ii) "Plaintiff's claims are barred by derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny."[19]

On April 11, 2022, Plaintiff filed the instant motion for summary judgment.[20] Plaintiff "seeks partial summary judgment regarding Avondale's government contractor defense and derivative sovereign immunity defense, seeking a ruling that Avondale is not immune from Plaintiff's state law claims for failing to warn its employees of the dangers of asbestos, or from taking precautions to prevent the spread of asbestos dust from the

---

[13] *Id.* at ¶¶ 26–30
[14] *Id.* at ¶¶ 31–55.
[15] R. Doc. 1.
[16] *Id.* at p. 1.
[17] R. Doc. 3.
[18] R. Doc. 38.
[19] *Id.* at p. 9.
[20] R. Doc. 29.

3

shipyard," under *Boyle* and *Yearsley*.[21]

In its opposition to Plaintiff's motion for summary judgment, Avondale argues Plaintiff's motion for summary judgment is premature, and requests relief under Federal Rule of Civil Procedure 56(d).[22] Avondale requests that the Court defer consideration of Plaintiff's Motion to allow time to obtain affidavits, declarations, and/or to take discovery related to Plaintiff's claims of asbestos exposure and the applicability of Avondale's government immunity defenses to Plaintiff's claims.[23]

## LAW AND ANALYSIS

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[24] The Rule is "designed to safeguard against a premature or improvident grant of summary judgment."[25] Rule 56(d) motions are "generally favored, and should be liberally granted."[26]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[27] The party seeking continuance under Rule 56(d) "must be able to demonstrate how postponement and additional discovery will allow him to

---

[21] *Id.* at p. 1.
[22] R. Doc. 47.
[23] *Id.* at pp. 1–2.
[24] Fed. R. Civ. P. 56(d).
[25] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281,1285 (5th Cir. 1990).
[26] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[27] *Id.* at 534–35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)).

4

defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"[28] A party is not entitled to a Rule 56(d) continuance if he has not diligently pursued discovery.[29]

Avondale has satisfied the requirements for a continuance under Rule 56(d). As Avondale argues, the only discovery that has taken place so far is Plaintiff's deposition. No other discovery has taken place, and written disclosures have not been exchanged. Indeed, this case is in its infancy, as Avondale was served with Plaintiff's petition three months ago, Avondale's answer was filed roughly a month ago, and there is not a scheduling order in place yet.

Attached to Avondale's opposition is an affidavit of David M. Melancon, an attorney retained to represent Avondale in this matter.[30] In his affidavit, Melancon attests as follows:

> That Avondale has made a good effort to oppose Plaintiff's Motion for Summary Judgment based on the facts available to it . . . but has been prejudiced by the limited timeframe within which the Motion for Summary Judgment was filed;
>
> That denial and/or postponement of the ruling will enable Avondale to conduct discovery to further rebut Plaintiff's allegations of an absence of genuine issue of fact regarding Avondale's "government immunity defenses";
>
> That in further opposition to the Motion for Summary Judgment, Avondale intends to conduct the following discovery:
>    a. Issue written discovery to Plaintiff;
>    b. Locate and depose Plaintiff's co-workers to discover any additional facts related to Plaintiff's alleged asbestos exposure and whether such exposure occurred on vessels constructed by Avondale pursuant to contracts with the federal government;
>    c. Locate and depose Plaintiff's brother's co-workers to discover any additional facts related to Plaintiff's alleged asbestos exposure and

---

[28] *Id.* at 535 (quoting *Washington*, 901 F.2d at 1285).
[29] *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).
[30] R. Doc. 47-5.

> whether such exposure occurred on vessels constructed by Avondale pursuant to contracts with the federal government;
> d. Retain expert witness, Jim Shea, to address, in part, Avondale's "government immunity defenses"; and
> e. Conduct any other discovery that may be required to oppose summary judgment on its "government immunity defenses."[31]

Avondale further argues in its opposition that, at this stage of the case, "it remains unclear what evidence, if any, outside of Plaintiff's testimony, exists to support Avondale's government immunity defenses."[32] Avondale further argues that it has

> made a good faith effort to obtain the affidavit and sworn report of expert witness, Christopher Herfel, naval consultant and marine engineer. Notwithstanding, Avondale has not had any further opportunity to obtain additional facts to present in opposition to Plaintiff's Motion. At a minimum, Avondale should have an opportunity to issue discovery to the Plaintiff, to obtain the depositions of Plaintiff's co-workers to discover any facts related to his claim of asbestos exposure while riding an "Avondale labor bus" from Lafourche Parish to Avondale, and to discover any facts related to Plaintiff's claim of asbestos exposure from the clothing of his brother, Junior Paul Robichaux, who also worked at Avondale.[33]

In *234 Harbor Circle, LLC v. JP & D Digital Satellite Sys., Inc.*, the plaintiff filed a motion for summary judgment shortly after defendants filed an answer and before discovery had taken place.[34] The court concluded that the plaintiff's motion for summary judgment was premature, noting that

> Defendants' counsel has provided an affidavit attesting to the fact that no discovery has been taken, and that additional discovery would allow Defendants to rebut the Plaintiff's allegations regarding the alleged damages to the property at 234 Harbor Circle, as well as the other allegations set forth in Plaintiff's motion. The Court finds that Defendants have demonstrated that additional discovery is necessary.[35]

---

[31] *Id.* at pp. 1–2, ¶¶ 13–15.
[32] R. Doc. 47 at p. 10.
[33] *Id.*
[34] No. CIV.A. 11-1818, 2011 WL 5301566, at *1 (E.D. La. Nov. 4, 2011).
[35] No. CIV.A. 11-1818, 2011 WL 5301566, at *1 (E.D. La. Nov. 4, 2011).

Like the plaintiff in *234 Harbor Circle*, the plaintiff in this case filed his motion for summary judgment shortly after Avondale filed its answer, prior to the exchange of initial disclosures and prior to any discovery in the case, with the exception of Plaintiff's deposition. The Court concludes Plaintiff's motion for summary judgment is premature and must be denied. Plaintiff may reassert his motion for summary judgment after providing Defendants adequate discovery to allow them to oppose such a motion.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for summary judgment[36] is **DENIED WITHOUT PREJUDICE AS PREMATURE.**

New Orleans, Louisiana, this 17th day of May, 2022.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[36] R. Doc. 29.