## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FELTON A. ROBICHAUX** | * | **CIVIL ACTION NO.: 2:22-cv-00610** |
| | * | |
| **V.** | * | **SECTION: E (5)** |
| | * | |
| **HUNTINGTON INGALLS, INC.** | * | **JUDGE: SUSIE MORGAN** |
| **(NORTHROP GRUMMAN,** | * | |
| **AVONDALE), et al.** | * | **MAGISTRATE: MICHAEL NORTH** |

## PLAINTIFFS' AMENDED, RESTATED AND SUPERSEDING COMPLAINT FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, comes plaintiffs, Carolyn Robichaux, Tessa A. Robichaux and Scott Robichaux, who files this Amended, Restated and Superseding Complaint for Damages and respectfully shows unto the Court the following:

1.      Made Petitioners/Plaintiffs herein are:

**CAROLYN ROBICHAUX**, an adult resident of the State of Louisiana, Parish of Lafourche, individually, as the statutory heir of Decedent Felton Adam Robichaux, who asserts survival actions and wrongful death actions for the death of her spouse, Decedent Felton Adam Robichaux; and

**TESSA A. ROBICHAUX**, an adult resident of the State of Louisiana, Parish of Lafourche, individually, as the statutory heir of Decedent Felton Adam Robichaux, who asserts survival actions and wrongful death actions for the death of her father, Decedent Felton Adam Robichaux; and

**SCOTT ROBICHAUX**, an adult resident of the State of Louisiana, Parish of Lafourche, individually, as the statutory heir of Decedent Felton Adam Robichaux, who asserts survival actions and wrongful death actions for the death of his father, Decedent Felton Adam Robichaux.

2.      Made Defendants herein are:

A.    **PREMISE/EMPLOYER/ /SIDPYARD DEFENDANTS**

    1.    **HUNTINGTON INGALLS, INCORPORATED (f/k/a Northrup Grumman Shipbuilding, Inc., f/k/a Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., f/k/a Avondale Marine Ways, Inc.)**

This defendant is being sued for negligence/strict liability/employer liability/product/manufacturer liability.

B.    **SUPPLIER/MANUFACTURER/SELLER/CONTRACTORDEFENDANTS**

    2.    **EAGLE, INC.**
        **(f/k/a Eagle Asbestos & Packing Co. Inc.)**
        A Louisiana corporation with its principal place of business in New Orleans. This Defendant is being sued as a seller/supplier/product manufacturer defendant.

    3.    **UNION CARBIDE CORPORATION**
        A New York corporation with a principal business establishment in Louisiana. This defendant is being sued as a seller/supplier/contractor defendant.

    4.    **TAYLOR-SEIDENBACH, INC.**
        A corporation duly organized, created, and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana.
        This Defendant being sued as a seller/supplier/contractor defendant.

    S.    **FOSTER WHEELER ENERGY CORPORATION**
        This Defendant is being sued as a seller/supplier/product manufacturer defendant.

    6.    **GENERAL ELECTRIC COMPANY**
        This defendant is being sued as a seller/supplier/product/manufacturer defendant.

    7.    **HOPEMAN BROTHERS, INC.**
        This defendant is being sued as a seller/supplier/product/manufacturer/ contractor defendant.

    8.    **LIBERTY MUTUAL INSURANCE COMPANY**
        *As* an insurer of Hopeman Brothers, Inc., Wayne

Manufacturing, & Reilly-Benton Company, Inc. This Defendant is being sued as a seller/supplier/product/manufacturer/contractor defendant.

9. **INTERNATIONAL PAPER COMPANY (Individually and as successor by merger to Champion International Corporation and U.S. Plywood)**
This defendant is being sued as a seller/supplier/product/manufacturer defendant.

10. **MARYLAND CASUALTY COMPANY (individually and as insurer for Marquette Insulations, Inc.)**
This defendant is being sued as a seller/supplier/product/manufacturer defendant.

11. **UNIROYAL, INC.**
This Defendant is being sued as a seller/supplier/product/manufacturer defendant.

12. **SENTRY INSURANCE COMPANY (As insurer of Reilly-Benton, Company)**
This defendant is being sued as a seller/supplier/product/manufacturer/ contractor defendant.

13. **EMPLOYERS INSURANCE COMPANY OF WAUSAU (f/k/a Employers Mutual Liability Insurance Company of Wisconsin; Individually and as insurer of Reilly-Benton, Company, Inc.)**
This defendant is being sued as a seller/supplier/product/manufacturer/ contractor defendant.

14. **VIACOM CBS, INC. (f/k/a Viacom, Inc., f/k/a Westinghouse Electric Corporation)**
This defendant is being sued as a contractor/ seller/supplier/product/manufacturer defendant.

15. **3M COMPANY**
This defendant is being sued as a seller/supplier/product/manufacturer defendant.

16. **METROPOLITAN LIFE INSURANCE COMPANY**
This defendant is being sued as a seller/supplier/product/manufacturer defendant.

17.     **BAYERCROPSCIENCE,INC.**
        **(Successor to Rhone Poulenc Ag Company,**
        **formerly Amchem Products, Inc., formerly**
        **Benjamin Foster Company)**
        This defendant is being sued as a
        seller/supplier/product/manufacturer defendant.

3.      Felton Adam Robichaux was diagnosed with asbestos-related mesothelioma on or about

January 14 2022 and subsequently died on July 3, 2022, which was caused by and a consequence

of his exposure to asbestos as set forth herein. As a direct and proximate result of the delictual

conduct of the Defendants, Decedent Felton Adam Robichaux, contracted asbestos-related

mesothelioma and suffered physically, financially, mentally, and emotionally. Felton Adam

Robichaux died of mesothelioma on July 3, 2022.

4.      Each of the Defendants listed herein contributed to Felton Adam Robichaux's exposure to

asbestos as detailed below. Each of these Defendants is liable *in solido,* to Plaintiff.  Thus, venue

proper for these Defendants is proper for all Defendants pursuant to Louisiana Code of Civil

Procedure articles 73 and 74. Additionally, Plaintiffs Carolyn Robichaux, Tessa A. Robichaux and

Scott Robichaux suffered wrongful death damages in Lafrouche Parish as a result of the death of

Felton Adam Robichaux, including but not limited to loss of love and affection, loss of society,

loss of support, mental pain, suffering and distress. Thus, venue is proper in this Parish.

5.      The defendants, Eagle, Inc., and Taylor-Seidenbach, Inc., are domestic corporations

with their registered offices located in Orleans Parish.  Felton Adam Robichaux was exposed to

products, distributed and installed by the above-referenced defendants at the work sites in

paragraph two which he worked at from 1961 through 1979 and at which he was exposed to

asbestos supplied, distributed and installed by these Orleans Parish defendants. Plaintiffs

specifically  allege that these products, in combination with other asbestos-containing products,

caused his asbestos-related injuries.

6.          Felton Adam Robichaux was exposed in Orleans Parish to asbestos from his work at Avondale Shipyards from 1961 through 1979, so venue is proper in Orleans Parish pursuant to La. Code of Civil Procedure article 74 as the parish where the wrongful conduct occurred and where the damages were sustained.

7.          Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42 and 74  because the Defendants Taylor-Seidenbach and Eagle are domestic corporations licensed to do business in this State and have designated their primary business office and/or primary place of business in Louisiana as Orleans Parish, and because the exposure of Plaintiff originated in Orleans Parish.

8.          Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries to Plaintiffs.

9.          The actions of each of the Defendants are a proximate cause of Plaintiff/Decedent's injuries. As a result, all Defendants are jointly and solidarily liable for the damages caused by their combined actions.

10.          Each of the Defendants contributed with Eagle, Inc., and Taylor-Seidenbach, Inc., to Felton Adam Robichaux's exposures as stated herein. Each of the defendants is liable *in solido* to the Plaintiff. Thus,  venue proper for these defendants is proper for all defendants  pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

11.          The damages sought by the Plaintiffs, exclusive of interest and costs, exceed the minimum jurisdictional limits of the court.

12.          Plaintiffs specifically disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in, or on the grounds of, a federal enclave.

Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts or omissions of any and all federal officers, or committed at the direction of an officer of the United States Government.

13.      Decedent, Felton Adam Robichaux, was exposed to injurious levels of asbestos through his employment at Avondale Shipyards from 1961 through 1979. From 1961 through 1979, Felton Adam Robichaux worked at Avondale Shipyards as an insulator and carpenter. While employed by Avondale, Felton Adam Robichaux used, mixed, handled, sawed, manipulated, installed, removed, disturbed and/or was in the vicinity of others using, handling, sawing, manipulating, mixing, installing, removing, and disturbing asbestos-containing products. As a result, Mr. Robichaux was exposed to dangerously high levels of asbestos fibers escaping into the ambient air resulting in Mr. Robichaux being exposed to such asbestos and/or asbestos-containing products.

14.      Additionally, Decedent's brother, Junior Paul Robichaux worked at Avondale Shipyards during the relevant time frame and himself used, mixed, handled, sawed, manipulated, installed, removed, disturbed and/or was in the vicinity of others using, handling, sawing, manipulating, mixing, installing, removing, and disturbing asbestos-containing products. Decedent's brother, Junior Paul Robichaux, was exposed to asbestos fibers/dust from his work at Avondale Shipyards and those asbestos fibers/asbestos dust contaminated his person, clothing, vehicle, home, and personal items. As a result, Junior Paul Robichaux carried home asbestos fibers from Avondale Shipyards which contacted plaintiff resulting in para-occupational/household asbestos exposures suffered by Felton Adam Robichaux.

15.      Furthermore, Felton Adam Robichaux rode the labor bus from Lafourche Parish to Avondale Shipyards daily. The Avondale labor bus was used by Avondale workers who on a

daily basis used, mixed, handled, sawed, manipulated, installed, removed, disturbed and/or were in the vicinity of others using, handling, sawing, manipulating, mixing, installing, removing, and disturbing asbestos-containing products. As a result, these workers carried home asbestos fibers/asbestos dust from Avondale Shipyards which contacted plaintiff during his daily rides on the Avondale labor bus. Consequently, Felton Adam Robichaux suffered para-occupational/bystander/household exposures to asbestos from daily commuting on the asbestos contaminated Avondale labor bus.

16.     In connection with the Decedent's exposure to asbestos as stated above, from approximately 1961 through 1979 Decedent suffered exposures to asbestos and asbestos-containing products designed, manufactured, sold, supplied, used and/or maintained by the Defendants.

17.     Before and during Felton Adam Robichaux's exposure periods, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, used, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraphs 12, 13, and 14 from which the Plaintiff was exposed to asbestos-containing products, materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos".

18.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

19.     Each of the defendants knew or should have known through industry and medical studies, the existence of which was unknown to the Plaintiff/Decedent of the health hazards inherent

in the asbestos- containing products they were selling and/or using. Instead of warning the Plaintiff/Decedent, and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment, in order to sell or use asbestos or asbestos-containing products to avoid litigation by those who were injured from asbestos inhalation.

20.      As a direct and proximate result of having inhaled, breathed, ingested, or otherwise been exposed to asbestos as described above, Felton Adam Robichaux contracted asbestos-caused mesothelioma. Mr. Robichaux was diagnosed with asbestos-caused mesothelioma on or about January 2022. A cause of Plaintiff/Decedent's contraction of asbestos-caused mesothelioma was his asbestos exposures.

21.      Because of the latency period between exposure to asbestos and the onset of cancer, and because of the concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff did not know nor could he have reasonably known that Plaintiffs injuries were caused by his asbestos exposure until recently, which occurred less than one year prior to the filing of his Original Petition for Damages. Further, Plaintiff/Decedent only recently discovered his injuries, not more than one year preceding the filing of his Original Petition for Damages.

22.      In connection with his work at Avondale Shipyards, the Plaintiff/Decedent breathed, was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge or reason to believe that asbestos was dangerous.

### GENERAL NEGLIGENCE ALLEGATIONS- ALL DEFENDANTS

23.      On information and belief, all of the Defendants identified in paragraph 2 above were responsible to provide Plaintiff with warnings concerning hazardous conditions at their sites and/or their use of hazardous materials, and generally to provide Plaintiff/Decedent with safe premises in order to protect life health, safety, and welfare of Plaintiff/Decedent; and had the folio-wing responsibilities:

A.     Inspection, approval, and supervision of these various premises for hazards and vices that may present a hazard to Plaintiff/Decedent;

B.     To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

C.     To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, including Plaintiff/Decedent;

D.     To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E.     To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F.     To keep abreast of state-of-the-art-knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G.     To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was unnecessary, in order to prevent Plaintiff from being harmed by exposure to asbestos in the environment in which he was required to be present;

H.     To make certain that Plaintiff/Decedent was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

I.     To comply with applicable state and federal regulations regulating

exposure to asbestos, including but not limited to, those regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healy Act and Occupational Safety and Health Act.

24.     Not only did defendants have the duties and responsibilities set forth in the foregoing paragraph, but they did actually undertake on an operational basis to perform said duties and fulfill said responsibilities, and they negligently failed to carry out those undertakings and assumed duties in the manner asserted in the paragraph below, and on information and belief, Defendants knew of the dust laden atmosphere in which Plaintiff/Decedent was required to enter, and work, which was damaging and dangerous to Plaintiff and any other family member coming into contact with his work clothing, and each knew or should have known of the dangers to Plaintiff/Decedent's health his working in an atmosphere polluted with asbestos dust without proper protection or warnings. Plaintiffs allege that these defendants knew or should have known that the mesothelioma sustained by Felton Adam Robichaux could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

25.     On information and belief, Defendants negligently failed in the performance of their responsibilities and/or actual undertakings to provide Plaintiff/Decedent with safe premises and operations in the following particulars:

      A.     Failing to properly ventilate the area in which Plaintiff/Decedent was required to enter in connection with his work;

      B.     Failing to warn or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Plaintif/Decedent's use;

      C.   Failure to institute safety procedures and plans for the adequate protection of Plaintiff/Decedent;

D.  Failing to warn Plaintiff/Decedent of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, lung cancer, mesothelioma, other cancers, and the carcinogenic effect of the risk of mesothelioma caused by asbestos exposure to persons from the handling and use of asbestos;

E.  Failing to enforce applicable safety rules after such rules were actually adopted;

F.  Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, the occupational exposure to asbestos;

G.  Failing to properly supervise operations;

H.  Failing to provide proper and safe laundry services to workers;

I.  Failure to prevent workers from taking asbestos dust home on their clothes;

J.  Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations cause Plaintiff/Decedent to be exposed to asbestos dust, without protections;

K. Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

L.  Failing to measure the levels of asbestos dust in the premises working environment.

26.  The negligence of these defendants was a substantial factor and contributed in

causing damages to Plaintiffs.

## NEGLIGENCE AND STRICT LIABILITY AGAINST MANUFACTURER/SELLER/SUPPLIER/CONTRACTORDEFENDANTS

27.     The Defendants identified above as manufacturers, sellers, contractors and/or suppliers of asbestos products were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products, or are professional vendors of asbestos or asbestos-containing products, or as a contractor, which were expected to and did reach the Plaintiff/Decedent's job sites causing Felton Adam Robichaux to be exposed to them.

28.     The products manufactured, distributed, supplied, sold and/or used by these defendants were defective, and unreasonably dangerous per se to Plaintiff/Decedent who was an intended and foreseeable user and bystander that was exposed to these products.  These defects include, without limitation, the following:

A.      the manufacture, sale, supply and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

B.      manufacture, sale, supply and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in the Plaintiff/Decedent's trade;

C.      lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended

use;

D.     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E.     failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F.     failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users and bystanders;

G.     failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users and bystanders;

H.     failure to prevent Petitioner from taking dusty work clothes home;

I.     failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

J.     defects in the composition and construction of these products;

K.     failure to recall these products manufactured, sold and supplied;

L.     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

M.     over-warranting the safety of these products;

N.     are liable to Plaintiff in strict liability for things in their guard, possession, custody or control, pursuant to article 2317 of the Louisiana Civil Code that have caused harm to Plaintiff/Decendent.

29.      The defective conditions of defendants' products and fault, as noted above, are a cause of Plaintiff's injuries and damages complained of herein.

30.      Plaintiffs also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Plaintiff/Decedent's injuries.

31.      At all times relevant here, Avondale Shipyards manufactured and produced asbestos containing products which plaintiff was exposed to.

## NEGLIGENCE AND STRICT LIABiLITY ACTION AGAINST SHIPYARD DEFENDANT. HUNTINGTON INGALLS INCORPORATED (f/k/a Northrup Grumman Shipbuilding, Inc., f/k/a Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards. Inc.

32.      Huntington Ingalls Incorporated is liable for Plaintiff/Decedent's injuries caused by their fault, in the form of strict liability and/or negligence as detailed herein, and in failing to provide Plaintiff/Decedent and his coworkers with a safe place to work free from the dangers of respirable asbestos-containing dust.

33.      The Defendant is liable to Plaintiff for the damages described in this Petition for the following acts of negligence while Felton Adam Robichaux was working within their respective work sites:

      A.      Failing to provide respiratory protection to the Plaintiff/Decedent;

      B.      Failing to provide safety equipment to Plaintiff/Decedent;

      C.      Failure to provide general ventilation in Plaintiff/Decedent's work areas;

      D.      Failing to provide local exhaust in Plaintiff/Decedent's work areas;

      E.      Failing to provide air free from airborne asbestos fibers in Plaintiff/Decedent's areas;

F.    Failing to provide Plaintiff/Decedent with proper medical monitoring;

G.    Failing to educate Plaintiff/Decedent of the hazards of asbestos;

H.    Failing to post warning or caution signs regarding the hazards of asbestos;

I.     Failing to implement wet methods to control the level of airborne

       asbestos fibers in Plaintiff/Decendent's work areas;

J.     Failing to implement the use of asbestos-free materials;

K.    Inducing Plaintiff/Decedent to work in areas polluted with respirable asbestos fibers;

L.    Failing to prevent workers from carrying asbestos fibers home on their clothes;

M.    Failing to provide ad change of clothes and showering faculties; and

N.    Failing to prevent asbestos contamination of workers clothes, persons, vehicles, and homes.

34.    As a direct result of the aforementioned acts, Felton Adam Robichaux inhaled and otherwise ingested asbestos fibers from the asbestos and asbestos-containing products present within his work sites, brought home on the labor bus, and brought home on the work clothes of his coworkers and brother, and as a direct result, Plaintiff/Decedent suffered injuries as complained of herein.

35.    During the course of the Felton Adam Robichaux's work, Plaintiff/Decedent was exposed to asbestos and/or asbestos containing products, which were in the care, control and custody of these defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Plaintiff/Decedent was exposed, which defect or vice was a cause in fact of Plaintiff/Decedent's injuries described herein. Accordingly, these defendants are strictly liable to Plaintiff in accordance with Louisiana Civil

Code article 2315 and 2317.

36.     During the course of the Felton Adam Robichaux's work, Plaintiff/Decedent was exposed to asbestos released from theses premises, which release was a cause in fact of Plaintiff/Decedent's injuries described herein. Accordingly, these Defendants are strictly liable to Plaintiff in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp,* 249 So.2d 133 (La 1971).

37.     The premises owner defendant, Avondale Shipyards, knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Plaintiff/Decedent so as to obtain an unjust advantage for themselves over and at expense of Plaintiff/Decedent or to cause loss or inconvenience to Plaintiff/Decedent. This action or inaction by the Defendants was a direct and proximate cause of the damages described herein.

38.     Avondale is responsible for the conduct of those individuals and companies working on their premises with asbestos products, which created an unsafe work environment, which resulted in exposure to asbestos to Plaintiff/Decedent and which resulted in the injury of Plaintiff/Decedent for which defendants are liable under Louisiana law.

39.     Avondale failed to provide Plaintiff/Decedent a safe place in which to work free from the hazards of asbestos, which failure was a proximate cause of Plaintiff.Decedent's injuries. Plaintiffs' causes of action are based upon the acts and omissions of defendants or those for whom the defendants are responsible, and are specifically not based upon any act committed at the direction of the United States Government.

40.     Avondale negligently, recklessly, willfully and/or because of gross and wanton negligence, or fault, failed to properly discharge its duties to Plaintiff in the following particulars:

(a) failure to provide Plaintiff with a safe place to work; (b) failure to provide Plaintiff with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Plaintiff/Decdent's clothing; and (c) failure to inform or warn Plaintiff/Decedent of the hazards of asbestos exposure.

41.     These specific acts of fault were a substantial contributing factor of Plaintiff/Decedent's injuries.

42.     Felton Adam Robichaux was exposed to asbestos-containing products while employed at and/or on the premises of Avondale at various times from 1961 through 1979. Felton Adam Robichaux was exposed to fibers carried home on his clothes and person from his work for Avondale.  Felton Adam Robichaux was exposed to asbestos fibers carried home on the labor bus from other Avondale workers and from the asbestos fibers carried home by his brother Junior Paul Robichaux. Plaintiff/Decdent's exposures to asbestos occurred without fault on his part.  Plaintiffs allege that Avondale is liable for Plaintiff/Decedent's injuries, as alleged, arising out of the negligent/strictly liable conduct of Avondale as detailed herein, and, in failing to provide plaintiff a safe place in which to work free from the dangers of respirable asbestos-containing dust.

43.     As a direct and proximate contributing result of having inhaled, breathed, ingested or otherwise having been exposed to asbestos from Avondale, Plaintiff/Decedent has received injuries, both physically and mentally, including, without limitation, all of the ramifications

of mesothelioma.

44.      Avondale negligently, recklessly, will fully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Plaintiff/Decedent in the following: (a) failed to provide the Plaintiff/Decedent with a safe work environment; (b) failed to provide the Plaintiff/Decedent with safety equipment; (c) failed to provide the Plaintiff/Decedent with correct, adequate, or proper safety equipment; (d) recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Plaintiff/Decedent regarding asbestos hazards in general and with regard to those specific hazards at the work site; (e) recklessly concealed and negligently omitted to reveal critical medical and safety information from Plaintiff/Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites; (f) failed to timely remove asbestos hazards from the work place; (g) failed to properly supervise or monitor the work areas for compliance with safety regulations; (h) failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and (i) failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Plaintiff which ultimately further exposed Plaintiff/Decedent.

45.      The above-described negligence, fault, and willful misconduct of Avondale was a proximate cause of Plaintiff/Decedent's injuries.

46.      At all times throughout Felton Adam Robichaux's exposure to asbestos present and used within Avondale' facilities, and subsequent exposures to Felton Adam Robichaux himself, Avondale knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should

have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the Shipyards chose not to inform Felton Adam Robichaux of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Plaintiff/Decedent's injuries.

47.      Avondale is liable to Plaintiff for their failure to exercise reasonable care to protect Plaintiff/Decedent from the foreseeable dangers associated with exposure to asbestos. Avondale, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. Avondale knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff/Decedent from said risk of harm. Avondale failure to protect Plaintiff/Decedent from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiff's asbestos-related injuries and damages.

48.      Felton Adam Robichaux's employer, Avondale Shipyards, delegated to its executive officers and directors, the responsibility to provide Plaintiff/Decedent with proper supervision, safety instruction, warnings concerning dangers or hazards in the workplace, and generally to provide Felton Adam Robichaux a safe workplace and to protect Felton Adam Robichaux's life, health, safety and welfare while employed by the Defendant employers. Plaintiff alleges that the executive officers and directors had the following responsibilities delegated to them by Plaintiff/Decedent's employers or actually undertook to perform the following duties:

> (a)      inspection, approval and supervision of the work of Plaintiff/Decedent and his co-employees;

(b)     to see that proper safety rules were adopted, promulgated, and enforced concerning the use of respiratory protection devices;

(c)     to see that Plaintiff/Decedent and his co-employees performed the duties pertaining to their work in a proper, safe and workmanlike manner;

(d)     to see that Plaintiff/Decedent and his co-employees used safe and sound principles and practices in their work;

(e)     to make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices;

(f)     to keep abreast of state of the art knowledge as it pertains to the dangers of asbestos inhalation;

(g)     to provide adequate warnings, physical examinations, safety equipment, ventilation, and breathing apparatus, where such was necessary in order to prevent Plaintiff/Decedent from being harmed by exposure to asbestos in the environment, which Plaintiff was required to work;

(h)     to make certain that employees, including Plaintiff/Decedent, were provided a safe working environment free from asbestos dust inhalation;

(i)     to comply with applicable State and Federal regulations regulating workplace exposure to asbestos, including but not limited to those regulations promulgated by the U.S. Department of Labor pursuant

to the Walsh/Healey Act and the Occupational Safety and Health

Act; and to provide Plaintiff with a safe place to work.

49.    Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors- in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff/Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff/Decedent.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Felton Adam Robichaux asbestos-related injuries, illnesses and disabilities:

   (a)    in fuiling to provide adequate safety equipment;

   (b)    in failing to protect Plaintiff/Decedent from any asbestos exposure;

   (c)    in failing to provide Plaintiff/Decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

   (d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

   (e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff's exposure to asbestos dust;

(f)     in failing to properly perform safety inspections of the Plaintiff/Decedent's work place;

(g)     in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff/Decedent's work sites;

(h)     in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)     in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff/Decedent's work sites; and in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff regarding the hazards of asbestos.

50.     These specific acts of fault and the negligence of Plaintiff/Decedent's employer and their executive officers and directors were a substantial contributing factor of the Plaintiff/Decedent's injuries and damages.

## STRICT LIABILITY AND NEGLIGENCE OF PREMISE OWNER

51.     The "Premise Defendant" is liable for Plaintiff/Decedent's injuries caused by its fault, in the form of strict liability and/or negligence as detailed herein, and in failing to provide Felton Adam Robichaux with a safe place to work free from the dangers of respirable asbestos-containing dust, which Felton Adam Robichaux was subsequently exposed to.

52.     The Premise Defendant is liable to Plaintiff for the damages described in this Petition for the following acts of negligence while Felton Adam Robichaux was working within its work site:

A.     Failing to provide respiratory protection to the Plaintiff/Decedent;

B.       Failing to provide safety equipment to Plaintiff/Decedent;

C.       Failure to provide general ventilation in Plaintiff/Decedent work areas;

D.       Failing to provide local exhaust in Plaintiff/Decedent's work areas;

E.       Failing to provide air free from airborne asbestos fibers in Plaintiff/Decedent' areas;

F.       Failing to provide Plaintiff/Decedent with proper medical monitoring;

G.       Failing to educate Plaintiff/Decedent of the hazards of asbestos;

H.       Failing to post warning or caution signs regarding the hazards of asbestos;

I.       Failing to implement wet methods to control the level of airborne asbestos fibers in Plaintiff/Decedent's work areas;

J.       Failing to implement the use of asbestos-free materials; and

K.       Inducing Plaintiff/Decedent to work in areas polluted with respirable asbestos :fibers.

53.    As a direct result of the aforementioned acts, Felton Adam Robichaux inhaled and otherwise ingested asbestos fibers from the asbestos and asbestos-containing products present within the defendant's premise and carried home on the person and vehicle of Plaintiff/Decedent, and as a direct result, Felton Adam Robichaux contracted the asbestos-related mesothelioma complained of herein.

54.    During the course of the Felton Adam Robichaux work, Plaintiff/Decedent was exposed to asbestos and/or asbestos containing products, which were in the care, control and custody of these defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Plaintiff was exposed, which defect or vice was a cause in fact of Plaintiff/Decedent's injuries described herein. Accordingly, these defendants are strictly liable to Plaintiff/Decedent in accordance with Louisiana Civil Code article 2315 and 2317.

55.      During the course of the Felton Adam Robichaux work, Plaintiff/Decedent was exposed to asbestos released from these premises, which release was a cause in fact of Plaintiff/Decedent's injuries described herein. Accordingly, The Premise Defendant is strictly liable to Plaintiff in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp,* 249 So.2d 133 (La 1971).

56.      The Premise Defendant knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Plaintiff so as to obtain an unjust advantage for themselves over and at expense of Plaintiff or to cause loss or inconvenience to Plaintiff. This action or inaction by the defendants was a direct and proximate cause of the damages described herein.

### INSURANCE COVERAGE

57.      Plaintiffs aver that Liberty Mutual Insurance Company issued policies of insurance to Wayne Manufacturing Company, Hopeman Brothers, and Reilly Benton Co., that provide coverage for the causes of action asserted by plaintiff. As such, Liberty Mutual Insurance Company is liable for the damages alleged in the Original Petition and any supplement against Wayne Manufacturing Company, Hopeman Brothers, and Reilly Benton Co., individually, jointly and *in solido.*

58.      Plaintiffs aver that Employers Insurance of Wausau, Liberty Mutual Insurance Company, and Sentry Insurance Company issued policies of insurance to Reilly-Benton Company Inc., that provide coverage for the causes of action asserted by plaintiff against Reilly-Benton Company Inc. As such, Employers Insurance of Wausau, Liberty Mutual Insurance

Company, and Sentry Insurance Company are liable for the damages alleged in the Original Petition and any supplement against Reilly-Benton Company Inc., individually, jointly and *in solido.*

## WRONGFUL DEATH AND SURVIVAL ACTIONS

59.     The death of Felton Adam Robichaux, on or about July 3 2022 from asbestos caused mesothelioma was due to, or a consequence of, his exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos that was unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain Defendants as alleged with more specificity herein.  As a direct and proximate result of the delictual conduct of the Defendants, Petitioners have lost the love, affection, society, support, services and future earnings of Felton Adam Robichaux, deceased, and pursuant to Louisiana Civil Code article 2315.2, assert this wrongful death action against the Defendants against whom the law allows.

60.     The Plaintiffs are the statutory survivors of the referenced Decedent and hereby assert this survival action pursuant to Louisiana Civil Code article 2315.1.

## DAMAGES

61.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related mesothelioma of the Decedent, and of the following general and special damages including:

        A.    The conscious physical pain and suffering and mental anguish sustained  by Decedent (past, present and future);

B.      The disfigurement suffered by Decedent;

C.      The physical impairment suffered by Decedent (past, present and future);

D.      Reasonable and necessary medical expenses incurred by Decedent;

E.      All past, present and future lost earnings and loss of earning capacity;

F.      Loss of quality of life;

G.      All forms of relief or categories of damages allowed by Louisiana law for survival claims, against parties the law allows such claims to be alleged against, with interest from the date of injury until paid, plus costs of these proceedings.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, and each of them, jointly, severally and/or *in solido* for all damages, for their costs expended herein, for judicial interest from the date of judicial demand, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**BARON & BUDD, P.C.**

By: /s/ David R. Cannella
     David R. Cannella, No. 26231
     dcannella@baronbudd.com
     Christopher C. Colley, No. 30322
     ccolley@baronbudd.com
     Kristopher L. Thompson, No. 37898
     kthompson@baronbudd.com
     2300 Citiplace Dr., Suite 400
     Baton Rouge, LA  70810
     Tel: (225) 927-5441
     Fax: (225) 927-5449

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above has been filed and electronically served on the 8th day of September

2022 on the recipients located on the Court's CM/ECF system.

<u>/s/ David R. Cannella</u>
David R. Cannella
