UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ADAM ROBICHAUX, ET AL.** | **CIVIL ACTION NO. 22-CV-610** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

## ORDER AND REASONS

Before the Court are five motions for summary judgment filed separately by the following parties: Zurich American Insurance Company ("Zurich"), Union Carbide Corporation ("Union Carbide"), IMO Industries Incorporated ("IMO"), General Electric Company ("GE"), and Viacom CBS Incorporated ("Viacom"). Record Documents 223, 231, 239, 240, and 242. For the following reasons, the Court **DENIES AS MOOT** Zurich's motion, and **GRANTS** the motions filed by IMO, GE, Viacom, and Union Carbide.

## BACKGROUND

Mr. Felton Robichaux ("Robichaux") worked as an insulator and carpenter at Avondale Shipyards from 1961 to 1979 and alleges through his work, as well as through his contact with other employees at Avondale Shipyard, he was exposed to asbestos. Record Document 101 at ¶¶ 13-15. This exposure sparked two lawsuits filed by Robichaux. The first lawsuit was filed in October 1999 in Civil District Court for the Parish of Orleans on behalf of nearly 3,000 plaintiffs including Robichaux. *In re: Asbestos Plaintiffs v. Borden, Inc.*, et al., No. 91-18397; Record Documents 239-2, 240-3, and 242-3. This lawsuit named as defendants GE, IMO, and Viacom

("Cross Defendants"),[1] among others, and Robichaux ultimately settled his claims with Cross Defendants. Record Documents 239-5, 239-6, 239-7, 240-4, and 242-4.

In January 2022, after he was diagnosed with mesothelioma, Robichaux brought the instant lawsuit. Record Document 1-2. Robichaux named as defendants in this lawsuit: GE, Union Carbide, Viacom, Zurich, and Avondale.[2] *Id.* Thereafter, Avondale filed its Answer in which it asserted cross claims against GE, Zurich, Viacom, and also brought third-party claims against IMO. Record Document 3. Robichaux died in July 2022, and Scott Robichaux, Carolyn Robichaux, and Tessa Robichaux ("Plaintiffs"), Robichaux's heirs, filed an Amended Complaint. Record Document 101.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

---

[1] The Court recognizes Union Carbide is a third-party defendant and refers to it as a cross defendant in this Order and Reasons for clarity only.
[2] Plaintiffs have since dismissed their claims against GE and Viacom.

The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). District courts may not grant an unopposed motion for summary judgment simply because it's unopposed, but may do so "if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curium).

## ANALYSIS

The Court hereby grants the motions for summary judgment filed by Zurich, the Cross Defendants, and Union Carbide. Zurich argues it did not insure any of the manufacturers during the periods Robichaux was allegedly exposed to asbestos. Cross Defendants argue the claims against them are barred by res judicata, and Union Carbide argues there is no evidence to support a claim Robichaux was exposed to asbestos-containing materials attributable to Union Carbide. The Court will address each motion in turn.

A. *Zurich's Motion for Summary Judgment*

On May 22, 2023, Zurich filed a Motion for Summary Judgment as to all claims against it. Record Document 223. Thereafter, Plaintiffs and Avondale filed separate motions to dismiss their claims against Zurich, both of which this Court has since granted. Record Documents 255 and 315. Accordingly, because Zurich is no longer a party to this suit, its Motion for Summary Judgment is **DENIED AS MOOT**.

B. *Cross Defendants' Motions for Summary Judgment*

Res judicata applies when there is (1) a valid judgment; (2) that is final; (3) the identity of the parties is the same; (4) the cause of action in the instant suit arises out of the same transaction or occurrence that was the subject of the previous suit; and (5) the cause of action asserted in the instant suit existed at the time of the final judgment in the previous suit.  Importantly, Avondale's claims against Cross Defendants are claims for contribution.  As "[t]he source of the right to claim contribution is subrogation" Avondale stands in the shoes of Plaintiffs.  LA. CIV. CODE art. 1804; *Monk v. Scott Truck & Tractor*, 619 So.2d 890, 892 (La. App. 3 Cir. 1993).  Thus, the determinative question of whether Avondale's claims are barred by res judicata is whether Plaintiffs could bring the same claims against Cross Defendants.  *Perkins v. Scaffolding Rental & Erection Serv., Inc.*, 568 So.2d 549, 552 (La. 1990) ("Through subrogation [cross plaintiff] can have no greater rights than plaintiffs – if plaintiffs are barred by res judicata from maintaining the claims in [cross plaintiff's] petition, [cross plaintiff] is equally barred.").

To be sure, res judicata would bar Plaintiffs from bringing the claims against Cross Defendants which Avondale seeks to bring.  To support their theories of res judicata, Cross Defendants submit releases that show they entered into valid and final settlements with Robichaux.[3]  *Omega Gen. Constr., LLC v. Recreation & Parks Comm'n for Par. of E. Baton Rouge*, 341 So.3d 53, 65 (La. App. 1 Cir. 2021) (explaining settlements constitute final judgments for purposes of res judicata).  The settlements arose from Robichaux's exposure to asbestos from his work at Avondale Shipyards, which is the precise basis of this lawsuit.  Moreover, case law is instructive that, although Robichaux did not have mesothelioma when he settled his claims against

---

[3] It is of no consequence the settlements were entered into by Robichaux, and the current parties to this suit are his successors.  "The legal requirement of identity of parties is met where successors or privies of the original parties assert rights derived therefrom." *Joseph v. Huntington Ingalls Inc.*, 347 So.3d 579, 584 (La. 2020) (internal citations omitted).  It is undisputed that Plaintiffs are Robichaux's legal successors.  *Id.* at 586.

Cross Defendants, those potential claims nevertheless existed and were settled by Robichaux.  As Judge Carl Barbier explained in *Savoie v. Pennsylvania General Insurance Company*, "for the purposes of res judicata, plaintiff's mesothelioma claim existed years before he was actually diagnosed because the release 'included language that by signing the agreement, the plaintiffs would be releasing all claims which include future death claims."  No. 15-CV-1220, 2017 WL 4574197, at *3 (E.D. La. Oct. 13, 2017) (internal quotations and citations omitted).  Each of the Cross Defendants' releases included similar language.  Specifically, IMO was released from all claims "including mesothelioma, death, wrongful death, . . . or any other condition caused by any alleged exposure to asbestos or an asbestos containing product used, designed, manufactured, sold, distributed, or removed by Imo."[4]  Record Document 239-4.  Similarly, GE and Viacom were released from all claims concerning diseases which, under the terms of the releases, include "damage, death, illness, impairment, injury, and/or sickness that is caused or contributed to by exposure to . . . asbestos."  Record Documents 240-4 and 242-4.

The evidence before the Court shows any claims Robichaux brought against Cross Defendants would be barred by res judicata, and Avondale has not pointed to anything in the record to refute this finding.  Thus, the Court finds there is no genuine issue of material fact, and Cross Defendants are entitled to judgment as a matter of law.  Accordingly, Cross Defendants' Motions for Summary Judgment are **GRANTED**, and Avondale's claims against Cross Defendants are **DISMISSED WITH PREJUDICE**.

C.  *Union Carbide's Motion for Summary Judgment*

---

[4] The IMO release was signed on behalf of the plaintiffs by Williams Roberts Wilson, the attorney who represented them.  Avondale has not presented any evidence to rebut that this was a valid and authorized settlement.

To succeed on an asbestos claim, the plaintiff must show, by a preponderance of the evidence, he was exposed to asbestos from a defendant's products, and exposure substantially caused his injury. *Abadie v. Metro Life Ins. Co.*, 784 So.2d 46, 89-90 (La. App. 5 Cir. 2001). In support of its argument, Union Carbide points to Robichaux's depositions in which he failed to identify any of the products he used at Avondale Shipyards as Union Carbide products.

Plaintiffs did not respond to Union Carbide's motion with evidence showing Robichaux was exposed to asbestos from Union Carbide's products or evidence showing any exposure to any Union Carbide substantially caused his injury. Thus, based on the lack of evidence presented to the Court, there is no genuine issue of material fact, and Union Carbide is entitled to judgment as a matter of law. Accordingly, Union Carbide's motion is **GRANTED,** and Plaintiffs' claims against it are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that IMO's Motion for Summary Judgment (Record Document 239), GE's Motion for Summary Judgment (Record Document 240), Viacom's Motion for Summary Judgment (Record Document 242), and Union Carbide's Motion for Summary Judgment (Record Document 231) are **GRANTED**. All claims against these defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Zurich's Motion for Summary Judgment (Record Document 223) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 5th day of July, 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**