UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ROBICHAUX, ET AL.** | **CIVIL ACTION NO: 22-CV-610** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Huntington Ingalls Incorporated ("Avondale"). R. Doc. 167. Avondale seeks summary judgment on the grounds that Plaintiffs' take-home exposure claim is preempted by federal law. Plaintiffs Scott Robichaux, Carolyn Robichaux, and Tessa Robichaux oppose Avondale's motion. R. Doc. 171. For the reasons assigned below, Avondale's motion is **DENIED**.

## BACKGROUND

Mr. Felton Robichaux ("Robichaux")[1] worked as a land-based insulator and carpenter at Avondale Shipyard from 1961 to 1979, and alleges he was exposed to asbestos through his work, as well as through his contact with other employees at Avondale Shipyard. R. Doc. 101 at ¶¶ 13-15. In January 2022, Robichaux was diagnosed with mesothelioma and soon after filed the instant action in Civil District Court for the Parish of Orleans. R. Doc. 1-2. In his state court petition, Robichaux brought state law tort claims against Avondale and other defendants who did not join in this motion. *Id.* Because Robichaux was primarily exposed to asbestos while working on United States Navy ships at Avondale Shipyard, Avondale removed the suit to this Court under the federal officer removal statute. 28 U.S.C. § 1442. Relevant to this motion, Robichaux did not seek

---

[1] Robichaux died after filing this lawsuit, and his survivors filed an Amended Complaint, seeking to be added as plaintiffs. To avoid confusion, they will collectively be referred to as "Robichaux."

benefits under the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), which provides no-fault compensation to injured maritime workers. 33 U.S.C. § 904. On March 28, 2023, Avondale filed this motion for partial summary judgment, arguing the LHWCA preempts Robichaux's state law tort claims. R. Doc. 167.

## LEGAL STANDARD

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA, Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

**LAW AND ANALYSIS**

    I.    *Applicable Law*

Consideration of this motion requires an understanding of the two applicable compensatory statutes—the LHWCA and Louisiana's Workers' Compensation Act (the "WCA"). As noted above, the LHWCA is a federal workers' compensation statute that provides covered maritime workers with "medical, disability, and survivor benefits for work-related injuries and death." *MMR Constructors, Inc. v. Dir., Off. of Workers' Comp. Programs*, 954 F.3d 259, 262 (5th Cir. 2020). The original version of the LHWCA, passed in 1927, applied only to workers on "navigable waters of the United States," and to cases where state workers' compensation laws did not apply. *Id.* (citing 33 U.S.C. § 903(a)); *Barrosse v. Huntington Ingalls, Inc.*, 70 F.4th, 315, 317 (5th Cir. 2023). This "limited application caused problems because it was unclear where 'the boundary at which state remedies gave way to federal remedies' was." *Barrosse*, 70 F.4th at 317-18 (quoting *Sun Ship, Inc. v. Pa*, 447 U.S. 715, 717, 100 S. Ct. 2432 (1980)). In response to this confusion, the Supreme Court created "the so-called 'twilight zone,' an area of concurrent jurisdiction that applies on a case-by-case basis." *Id.* In twilight zone cases, an injured maritime worker can "elect[] to recover compensation under either the [LHWCA] or the Workmen's Compensation Law of the State in which the injury occurred." *Hahn v. Ross Island Sand & Gravel Co.*, 358 U.S. 272, 273, 790 S. Ct. 266 (1959). In 1972, Congress "extend[ed] the LHWCA landward beyond the shoreline of navigable waters of the United States" allowing, for the first time, land-based maritime workers such as Robichaux to recover under the LHWCA. *Sun Ship*, 447 U.S. at 719, 100 S. Ct. 2432. After the 1972 amendment to the LHWCA, "the Supreme Court reaffirmed the twilight zone because it remained unclear where federal jurisdiction ended and state jurisdiction

3

began, even though that point [was] 'fixed upon land.'" *Barrosse*, 70 F.4th at 318 (quoting *id.* at 19-20, 100 S. Ct. 2432).

Equally important to this case is the applicable version of the state compensation act—the WCA. The applicable version of the WCA is the version that was in effect during the time of significant exposure which, for Robichaux, was 1961. *See Barrosse*, 70 F.4th at 319 (applying the WCA in effect in 1969 because plaintiff alleged his significant exposure first began in 1969). The WCA in effect at the time of Robichaux's significant exposure was the 1952 version, which provided injured workers with a remedy that was "exclusive of all other rights and remedies" for diseases specifically enumerated in the statute. LA. R.S. § 23:1031.1 (1952). If a disease was not specifically listed in the WCA, an injured worker was limited to recovery under state tort law. Such is the case with Robichaux who suffered from mesothelioma—a disease that was not covered by the WCA until 1975. *Barrosse*, 70 F.4th at 319 (citing *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1072-73 (La. 2009)). Thus, Robichaux could not have recovered under the WCA, and his only state law remedy would have been through state tort law. *Id.*

II.     Analysis

In its motion, Avondale argues the Court must apply the version of the LHWCA that was in effect when Robichaux's mesothelioma manifested in 2022. Avondale argues this version provided recovery for land-based maritime workers like Robichaux and, as a result, Robichaux is unable to seek recovery under state tort law. Avondale insists the LHWCA preempts Robichaux's state law claims regardless of whether Robichaux was injured in the twilight zone because "even in the twilight zone, the LHWCA preempts Louisiana state law claims because Louisiana law conflicts with the LHWCA and frustrates its purpose." R. Doc. 167-1 at 19.

In response, Robichaux argues the version of the LHWCA that applies is the version that was in effect during his first significant exposure to asbestos, not the date his mesothelioma manifested. Robichaux argues because his first significant exposure to asbestos was in 1961, prior to the 1972 amendment to the LHWCA that allowed him to recover under the statute, his state law claims are not preempted. Robichaux then argues that, even if the 1972 LHWCA applies, his state law claims are not preempted because he never pursued recovery under the LHWCA.

The first issue of disagreement is whether the pre-1972 version or the 1972 version of the LHWCA applies in this case. If the pre-1972 version applies, Robichaux, as a land-based maritime worker, could not have sought recovery under the LHWCA and, thus, federal law could not preempt his state law claims. But if the 1972 version applies, Robichaux could have sought compensation under both the LHWCA and Louisiana state law. Resolution of this motion, however, does not require the Court to decide this question because, even if the Court assumes Avondale is correct that the 1972 LHWCA applies, Avondale's preemption arguments are foreclosed by the Fifth Circuit's holding in *Barrosse v. Huntington Ingalls Incorporated*, 70 F.4th 315 (5th Cir. 2023). Indeed, shortly after this motion came under submission, the Fifth Circuit considered, as a matter of first impression, whether the LHWCA preempted state law tort claims brought by a maritime worker injured in the twilight zone who neither sought nor obtained compensation under the LHWCA.[2] *Id.* The Fifth Circuit explained that a finding of preemption would be "tantamount to eliminating concurrent jurisdiction," and in direct contradiction to the Supreme Court's position that the twilight zone does not frustrate the purpose of the LHWCA. *Id.*

---

[2] The Fifth Circuit acknowledged the breadth of case law, much of which Avondale cites in this case, holding the LHWCA preempts state law tort claims. The Fifth Circuit explained that in those cases, the injured worker sought recovery under *both* the LHWCA *and* state tort law, and that Barrosse, in comparison, "did not engage in double-dipping. He . . . eschewed the LHWCA entirely and is only seeking compensation in tort." *Barrosse*, 70 F.4th at 322.

5

at 323. The *Barrosse* Court ultimately held the LHWCA does not preempt state law claims if the following circumstances apply: "1) maritime workers; 2) injured in the twilight zone; 3) in Louisiana; 4) who neither seek nor obtain LHWCA compensation; and 5) whose injuries are not covered by the relevant version of the WCA." *Id.* at 322-23.

This Court is duty-bound to follow binding Fifth Circuit precedent, and does not find, under *Barrosse*, that Robichaux's state law tort claims are preempted by the LHWCA.[3] [4]  First, there is no doubt Robichaux, who was exposed to asbestos while working as an insulator on Navy ships at Avondale Shipyard, was a maritime worker.  Second, Avondale has not presented any summary judgment evidence to show Robichaux's injuries occurred outside of the twilight zone.  Third, Robichaux worked and was allegedly exposed to asbestos at Avondale Shipyard and, as a result, any injury occurred in Louisiana.  Fourth, Avondale does not dispute Robichaux did not seek or obtain compensation under the LHWCA and, in fact, appears to concede this by arguing in its motion that "it does not matter that Robichaux did not seek or receive LHWCA benefits for his mesothelioma." R. Doc. 167-1 at 28.  Finally, as explained above, the applicable version of the WCA in this case predates the 1975 amendment that allowed for recovery for mesothelioma and, thus, Robichaux could not have recovered under the WCA.  Accordingly, even if the 1972 version of the LHWCA applies in this case, Avondale fails to meet its summary judgment burden to show Robichaux falls outside of the criteria outlined in the *Barrosse* holding.

---

[3] As noted above, this analysis assumes, for the sake of argument, that the 1972 version of the LHWCA applies

[4] Given that the instant motion was under submission before the *Barrosse* opinion was issued, Avondale's briefing does not address many of the elements in *Barrosse*.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Avondale's Motion for Partial Summary Judgment (Record Document 167) is hereby **DENIED**.

New Orleans, Louisiana this 8th day of September, 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**