UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ROBICHAUX, ET AL.** | **CIVIL ACTION NO: 22-CV-0610** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

## ORDER AND REASONS

Before the Court is a "Motion in Limine to Exclude Untimely-Produced Affidavits of Kenneth Garza, CIH and Brent Staggs, MD," filed by Defendant Huntington Ingalls Incorporated ("Defendant"). R. Doc. 232. Plaintiffs Carolyn Robichaux, Scott Robichaux, and Tessa Robichaux ("Plaintiffs") oppose Defendant's motion. R. Doc. 267. For the reasons assigned below, Defendant's motion is **DENIED**.

### BACKGROUND

Mr. Felton Robichaux ("Robichaux")[1] worked as an insulator and carpenter at Avondale Shipyard from 1961 to 1979, and as part of his job, was required to work with products allegedly containing asbestos. R. Doc. 101 at ¶ 13. Plaintiffs allege Robichaux was exposed to asbestos, in addition to his own employment at Avondale Shipyard, through contact with his brother, Junior Robichaux ("Junior"), who worked at Avondale Shipyard from 1957 to 1961. *Id.* at ¶ 14. In January 2022, Robichaux was diagnosed with mesothelioma, and shortly after, filed suit in Civil District Court for the Parish of Orleans against a number of defendants, including Avondale. R. Doc. 1-2. The suit was removed to this Court on March 10, 2022, and on May 5, 2023, in the midst of extensive motion practice, Defendant filed the instant motion in limine seeking exclusion of the affidavits of Plaintiffs' expert witnesses, Mr. Kenneth Garza, C.I.H. ("Mr. Garza") and Dr.

---

[1] After filing suit, Robichaux died and Plaintiffs, as his survivors, filed an Amended Complaint seeking to be added as plaintiffs.

Brent Staggs, M.D. ("Dr. Staggs"), on the grounds that they were not timely produced.  R. Doc. 1; R. Doc. 232.

## LEGAL BACKGROUND

Federal Rule of Civil Procedure 26 requires expert reports to include, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).  Parties must provide disclosures "at the times and in the sequences that the court orders."  FED. R. CIV. P. 26(a)(2)(D).  Supplemental expert reports need not be produced until pretrial disclosures are due.[2]  The Federal Rules do not define what constitutes a supplemental report, but it is generally an amendment that corrects inaccuracies of an incomplete report based on information that was not available at the time of the initial disclosure.  *Aikens v. Cent. Or. Truck Co., Inc.*, No. 20-CV-567, 2021 WL 4312712, at *2 (E.D. Tex. Sept. 22, 2021) (internal citations omitted).

Failure to timely disclose or supplement expert reports is contemplated by Federal Rule of Civil Procedure 37: "[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).  To determine substantial justification or harm, courts consider (1) the importance of the witness's testimony; (2) the prejudice to the opposing party; (3) whether a continuance would cure any such prejudice; and (4) the explanation, if any, for the party's failure to comply with the discovery order or rules.  *Firtiva Corp. v. Funimation Glob. Grp., LLC*, No. 21-CV-111, 2022 WL 1792818, at *1 (E.D. Tex. June 1, 2022) (citing *Sierra Club, Lone Star Chap. v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).

---

[2] Pretrial disclosures are generally due at least thirty days before trial unless the Court's scheduling order sets a different deadline.  The scheduling order in this case does not establish a separate deadline for pretrial disclosures.

## ANALYSIS

Plaintiffs' deadline to provide expert reports to all parties in this case was March 30, 2023. R. Doc. 119. Plaintiffs timely produced reports from Mr. Garza and Dr. Staggs. R. Doc. 232. One day after the expert report deadline, however, on March 31, 2023, Mr. Garza and Dr. Staggs signed Affidavits containing opinions Defendant contends were not included in the timely-produced expert reports. R. Doc. 232-1 at 1-2; R. Doc. 232-3; R. Doc. 232-4. Plaintiffs did not produce the Affidavits until the depositions of the respective witnesses in May 2023. R. Doc. 232 at 2. Defendant thus urges the Court to exclude the untimely Affidavits on the grounds that allowing them would "result[] in grave prejudice to [Defendant]." *Id.*

In response, Plaintiffs argue the Affidavits are supplemental and, because the Scheduling Order is silent on a deadline for supplemental reports and the Affidavits were disclosed more than thirty days before trial, the Affidavits are timely. Plaintiffs then argue there is good cause not to exclude the Affidavits because Mr. Garza and Dr. Staggs were unable to form the conclusions in the Affidavits without the benefit of Junior's employment records because only Defendant, as Junior's employer, had possession of the records until March of 2023. Plaintiffs outline a nearly six-month discovery dispute, beginning with written discovery requests on October 4, 2023, and culminating with Defendant producing the requested information on March 20, 2023, following to an order by Magistrate Judge North requiring production. R. Doc. 151. Plaintiffs conclude the "[A]ffidavits could not be produced because [Defendant] withheld the evidence of Junior Robichaux's employment file," and insist because the Affidavits were produced due to new evidence and because they will not result in surprise of undue prejudice to Defendant, Defendant's motion should be denied.

The Court finds, regardless of whether the Affidavits are proper supplemental reports, the relevant factors weigh against exclusion. Beginning with the first factor, the importance of the witness's testimony, the Court finds the Affidavits are important to the issue of causation as to Plaintiffs' take-home exposure claim from Junior's employment at Avondale Shipyard. The next factor, prejudice to the opposing party, also weighs in favor of admission. Although Defendant argues it was prejudiced by receiving the Affidavits at the depositions of Mr. Garza and Dr. Staggs, the Court is not convinced this resulted in any meaningful prejudice. Despite Defendant's insistence to the contrary, it had an opportunity during the depositions to examine both witnesses regarding the contents of the Affidavits, which are essentially limited to findings that if Junior worked at Avondale Shipyard from 1957 to 1961, he was exposed to greater than background levels of asbestos, and this exposure likely led to Robichaux's take-home exposure. Moreover, the Court is hard-pressed to find Defendant was prejudiced by receipt of information that was produced at the last minute largely because of Defendant's delay in producing discovery. If the Court were to exclude the Affidavits, Plaintiffs, who were in a discovery battle over the underlying factual data, and only received that data[3] a few days before the expert report deadline, and more than two weeks after Magistrate Judge North ordered Defendant to produce the records, would be severely prejudiced if they were prohibited from using the information Defendant eventually produced.

Finding Defendant will not be prejudiced by the Affidavits, the third factor—the possibility of a continuance to cure prejudice—is largely neutral. Finally, the Court finds Plaintiffs' explanation for the failure to comply with the expert report deadline to be persuasive. The parties had a roughly six-month legal battle over production of Junior's employment records. While the

---

[3] Data of which Avondale, as possessor of the records and as Junior Robichaux's employer during the relevant time period, was aware.

Court makes no judgment, here, regarding the efficacy of that dispute or the parties' positions related to this production, it is clear this is not a scenario where Plaintiffs sat idly while ignoring pending deadlines. Plaintiffs actively sought the information that formed the basis of the Affidavits at the heart of this motion and, for this reason, this factor weighs against exclusion of the Affidavits. Therefore, while litigants should be warned that this Court is very reluctant to excuse deviations from scheduling orders, the Courts finds that, even if the Affidavits are not supplemental reports, there is good cause and substantial justification under these particular and specific facts to warrant deviation and allow the Affidavits.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Defendant's Motion in Limine (Record Document 232) is **DENIED**.

New Orleans, Louisiana, this 25th day of September 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**