UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ROBICHAUX, ET AL.** | **CIVIL ACTION NO: 22-CV-0610** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

### ORDER AND REASONS

Before the Court is a "Motion in Limine to Establish Admissibility of Liberty Mutual Insurance Policy Documents" filed by Defendant Huntington Ingalls Incorporated ("Avondale"). R. Doc. 235. Plaintiffs Carolyn Robichaux, Tessa Robichaux, and Scott Robichaux oppose Avondale's motion. R. Doc. 257. For the reasons assigned below, Avondale's motion is **GRANTED**.

### BACKGROUND

Mr. Felton Robichaux ("Robichaux")[1] worked as an insulator and carpenter at Avondale Shipyard from 1961 to 1979, and alleges he contracted mesothelioma from handling asbestos-containing materials in the course of his employment. R. Doc. 101 at ¶ 13. In January 2022, shortly after he was diagnosed with mesothelioma, Robichaux filed suit in Civil District Court for the Parish of Orleans against a number of defendants, including Avondale. R. Doc. 1-2. The suit was removed to this Court on March 10, 2022, and on May 23, 2023, Avondale filed the instant motion in limine, urging the Court to deem as authentic and admissible certain insurance policy documents.

---

[1] Mr. Robichaux was the sole plaintiff in this suit until he passed away and at that point, Carolyn Robichaux, Tessa Robichaux, and Scott Robichaux, as his survivors, filed an Amended Complaint seeking to be added as plaintiffs. To avoid confusion, they will collectively be referred to as "Robichaux."

**LEGAL STANDARD**

I.   *Authenticating Evidence*

A party seeking to authenticate evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). The following is a non-exhaustive list of evidence that may satisfy Rule 901(a)'s authentication requirement:

(1) **Testimony of a Witness with Knowledge**. Testimony that an item is what it is claimed to be.
(2) **Nonexpert Opinion About Handwriting**. A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.
(3) **Comparison by an Expert Witness or the Trier of Fact**. A comparison with an authenticated specimen by an expert witness or the trier of fact.
(4) **Distinctive Characteristics and the Like**. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.
(5) **Opinion About a Voice**. An opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker.
(6) **Evidence About a Telephone Conversation**. For a telephone conversation, evidence that a call was made to the number assigned at the time to
   (A) a particular person, if circumstances, including self-identification, show that the person answering was the one who called; or
   (B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.
(7) **Evidence About Public Records**. Evidence that:
   (A) a document was recorded or filed in a public office as authorized by law; or
   (B) a purported public record or statement is from the office where items of this kind are kept.
(8) **Evidence About Ancient Documents or Data Compilations**. For a document or data compilation, evidence that it:
   (A) is in a condition that creates no suspicion about its authenticity;
   (B) was in a place where, if authentic, it would likely be; and
   (C) is at least 20 years old when offered.
(9) Evidence About a Process or System. Evidence describing a process or system and showing that it produces an accurate result.
(10)   Methods Provided by a Statute or Rule. Any method of authentication or identification allowed by a federal statute or a rule prescribed by the Supreme Court.

FED. R. EVID. 901(b)(1)-(10).

## II. *Hearsay*

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(1)-(2).  Hearsay is inadmissible unless a federal statute, the Federal Rules of Evidence, or the Supreme Court provides otherwise. FED. R. EVID. 802.  After a party objects to evidence on hearsay grounds, the proponent of the evidence bears the burden to show the statement is not offered as hearsay or that it falls within an exception to the hearsay rule. *Bouraily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775 (1987).

**ANALYSIS**

The subject of the instant motion in limine is policy documents Liberty Mutual Insurance Company ("Liberty Mutual") issued to Wayne Manufacturing Company (the "Policy Documents").  Avondale asks the Court to deem the Policy Documents as (1) authentic; (2) admissible as business records and/or ancient documents; (3) true and correct photographic duplicates of originals, and allow the duplicates to be used as originals; and (4) admissible to the extent they are relevant.  Avondale attaches to its motion stipulations by Liberty Mutual (the "Stipulations") that the Policy Documents are true and correct photographic duplicates of the original policy documents, that Liberty Mutual does not dispute the Policy Documents are true and correct photographic duplicates of the original policy documents, that the original policy documents have been lost or destroyed, and that the original policy documents were authentic records of Liberty Mutual.

In response, Robichaux argues because he is not a party to the Stipulations, they are not binding on him and Avondale must establish the Policy Documents are authentic and admissible on some basis other than the Stipulations.  Robichaux then argues that without the binding effect,

3

the Stipulations are insufficient to prove the Policy Documents are authentic because they do not include testimony from a witness with knowledge that the Policy Documents are what Avondale purports them to be. Finally, Robichaux argues that even if Avondale can show the Policy Documents are authentic, the Policy Documents are inadmissible as hearsay and as duplicates of the original policy documents.

As an initial matter, the Court need not resolve the parties' arguments as to the Stipulations because the Court finds, even if the Stipulations are not binding on Robichaux, they are sufficient to establish that the Policy Documents are authentic and admissible. Robichaux argues Avondale fails to show the Policy Documents are authentic because it did not offer witness testimony that the Policy Documents are what Avondale purports them to be. But witness testimony is only one method of authenticating evidence. As noted, a document's "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" is sufficient evidence to authenticate a document under Federal Rule of Evidence 901(b)(4). The Policy Documents bear Liberty Mutual's logo, and the substance of the Policy Documents describes the insurance policies between Liberty Mutual and Wayne Manufacturing Company such that they support a finding that they are what Avondale purports them to be. Like numerous other sections of this Court have found when faced with motions identical to this motion, this Court finds the evidence presented by Avondale is sufficient to authenticate the Policy Documents. *E.g., Vedros v. Northrop Grumman*, No. 11-CV-1198, 2015 WL 13540186, at *2 (E.D. La. June 8, 2015); *Dempster v. Lamorak Ins. Co.*, 488 F.Supp.3d 499, 508 (E.D. La. Sept. 21, 2020).

The Court likewise finds the Policy Documents are admissible evidence. The Policy Documents were issued between 1963 and 1980 and, therefore, fall under Federal Rule of Evidence

803(16), which provides that "[a] statement in a document that was prepared before January 1, 1998 and whose authenticity is established" is not excluded by the rule against hearsay. FED. R. EVID. 803(16). Nor does the fact that the Policy Documents are duplicates render them inadmissible. Duplicates are admissible "to the same extent as the original[s] unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." FED. R. EVID. 1003. Robichaux has not raised a genuine issue as to the original's authenticity or the fairness of admitting the Policy Documents. Robichaux's sole argument is that Avondale has failed to offer evidence that the original policy documents were indeed lost. This assertion, however, is insufficient to raise a genuine issue about authenticity or that admission of the evidence is unfair. The Policy Documents are admissible to the extent they are relevant.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Avondale's Motion in Limine to Establish Admissibility of Liberty Mutual Insurance Policy Documents (Record Document 235) is **GRANTED**.

New Orleans, Louisiana, this 25th day of September 2023.

```
          _____
              DARREL JAMES PAPILLION
            UNITED STATES DISTRICT JUDGE
```