UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELTON ROBICHAUX, ET AL.**          **CIVIL ACTION NO: 22-CV-0610**

**VERSUS**                             **JUDGE DARREL JAMES PAPILLION**

**HUNTINGTON INGALLS INC., ET AL.**    **MAGISTRATE JUDGE MICHAEL NORTH**

## ORDER AND REASONS

Before the Court are two motions. The first is a Motion in Limine to Exclude Factual Testimony by Danny Joyce filed by Plaintiffs Carolyn Robichaux, Scott Robichaux, and Tessa Robichaux ("Plaintiffs"). R. Doc. 228. Defendant Huntington Ingalls Incorporated ("Avondale") opposes the motion. R. Doc. 259. The second motion is a Motion in Limine to Require Plaintiffs to Disclose Settlements and Trust Submissions filed by Avondale. R. Doc. 236. Plaintiffs oppose the motion. R. Doc. 258. For the following reasons, Plaintiff's Motion in Limine (Record Document 228) is denied. Avondale's Motion in Limine (Record Document 236) is denied as moot, and to the extent the motion is not moot, it is denied.

## BACKGROUND

Mr. Felton Robichaux ("Robichaux")[1] worked as an insulator and carpenter at Avondale Shipyard from 1961 to 1979, and Plaintiffs allege Robichaux, through his employment at Avondale Shipyard, as well as his contact with other Avondale Shipyard employees, was exposed to asbestos. R. Doc. 101 at ¶¶ 13, 14. In January 2022, Robichaux was diagnosed with mesothelioma, and shortly after, filed suit in Civil District Court for the Parish of Orleans against a number of defendants, including Avondale. R. Doc. 1-2. The suit was removed to this Court on March 10,

---

[1] After filing suit, Robichaux died, and Plaintiffs, as his survivors, filed an Amended Complaint seeking to be added as plaintiffs.

2022, and extensive motion practice ensued, including the motions at issue in this Order and Reasons.

    I.    *Plaintiffs' Motion in Limine to Exclude Factual Testimony by Danny Joyce*

The basis of Plaintiffs' motion is the factual testimony of Avondale's witness Danny Joyce is not based on personal knowledge, and Mr. Joyce should therefore be excluded as a factual witness. In Avondale's opposition, however, it clarifies Mr. Joyce is being offered solely as Avondale's corporate representative, not as a factual or expert witness. Plaintiffs are correct that typically a witness, under Federal Rule of Evidence 602, may only testify to a matter of which he has personal knowledge. FED. R. EVID. 602. Witnesses who testify as corporate representatives, however, are agents of a corporation and as such, "testify as to matters within corporate knowledge," not solely matters within the personal knowledge of the corporate representative. *See Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). Mr. Joyce may, therefore, testify to matters of which Avondale has corporate knowledge, regardless of whether Mr. Joyce has personal knowledge of the facts forming the basis of his testimony. Accordingly, Plaintiffs' motion is denied.

    II.    *Avondale's Motion in Limine to Require Plaintiffs to Disclose Settlements and Trust Submissions*

In this motion, Avondale asks the Court to order Plaintiffs to disclose any and all settlements into which Plaintiffs have entered and the identities of the parties with whom Plaintiffs have settled for the purposes of determining virile shares. At the July 12, 2023 pretrial conference in this matter, Plaintiffs noted they were amenable to providing some or all of this information and suggested the instant motion may be moot. Plaintiffs also note in their opposition brief they do not oppose the motion to the extent Avondale seeks the identities of the parties with whom Plaintiffs have settled since this lawsuit began. Plaintiffs oppose the motion only to the extent

Avondale seeks the disclosure of additional information. Given Plaintiffs' willingness to provide some or all of this information, it appears Avondale's motion is moot, and the Court therefore denies it as such. To the extent the motion is not moot, the motion is denied. Avondale's request for information Plaintiffs are not willing to provide amounts to a motion to compel, not a motion in limine. The discovery period in this case is closed, and the Court will not unilaterally reopen discovery under the guise of an evidentiary motion. *See Dempster v. Lamorak Ins. Co.*, No. 20-CV-95, 2020 WL 5665691, at *3 (E.D. La. Sept. 21, 2020).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Plaintiffs' Motion in Limine to Exclude Factual Testimony by Danny Joyce (Record Document 228) is **DENIED**.

**IT IS FURTHER ORDERED** Avondale's Motion in Limine to Require Plaintiffs to Disclose Settlements and Trust Submissions (Record Document 236) is **DENIED AS MOOT** and, to the extent the motion is not moot, it is **DENIED**.

New Orleans, Louisiana, this 26th day of September 2023.

        _____
                **DARREL JAMES PAPILLION**
                **UNITED STATES DISTRICT JUDGE**