**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FELTON ADAM ROBICHAUX, ET AL.    CIVIL ACTION NO: 22-CV-0610

VERSUS    JUDGE DARREL JAMES PAPILLION

HUNTINGTON INGALLS INC., ET AL.    MAGISTRATE JUDGE MICHAEL NORTH

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment by Defendant/Cross Defendant Uniroyal Holdings Incorporated ("Uniroyal") and a Motion for Summary Judgment by Defendant/Cross Defendant Foster Wheeler, LLC ("Foster Wheeler"). R. Docs. 238 and 243. Uniroyal's motion is opposed by Defendant/Third-Party Plaintiff/Cross Plaintiff Huntington Ingalls Incorporated ("Avondale"), and Foster Wheeler's motion is opposed by Avondale and Plaintiffs Carolyn Robichaux, Scott Robichaux, and Tessa Robichaux ("Plaintiffs"). R. Docs. 263, 263, and 272. For the reasons assigned below, Uniroyal and Foster Wheeler's motions are **DENIED**.

## BACKGROUND

Mr. Felton Robichaux ("Robichaux") worked as an insulator and carpenter at Avondale Shipyard from 1961 to 1979 and, as part of his job, worked with asbestos-containing products. R. Doc. 101 at ¶ 13. In January 2022, Robichaux was diagnosed with mesothelioma which Plaintiffs allege is the direct and proximate result of his work at Avondale Shipyard, as well as his exposure to other Avondale Shipyard employees. *Id.* at ¶ 20. On January 27, 2022, Robichaux filed suit in Civil District Court for the Parish of Orleans against Avondale, as his employer, and against a number of suppliers and/or manufacturers of asbestos-containing products, including Uniroyal and Foster Wheeler. R. Doc. 1-2. Thereafter, this suit was removed to this Court and Avondale filed

cross claims against Uniroyal and Foster Wheeler, among others.  R. Doc. 3.  Robichaux passed

away in July 2022, and Plaintiffs filed an Amended Complaint as Robichaux's survivors.  R. Doc.

101.  Uniroyal and Foster Wheeler filed motions for summary judgment, arguing Plaintiffs cannot

show Robichaux was exposed to asbestos through their products and alternatively, that any such

exposure was not a substantial factor in Robichaux's development of mesothelioma.

## LEGAL STANDARD

Summary judgment is appropriate when the evidence before the Court shows "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect

the outcome of the lawsuit under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248, 106 S. Ct. 2505 (1986).  A dispute about a material fact is "genuine" if the evidence is such

that a reasonable factfinder could render a verdict for the nonmoving party.  *Id.*  In evaluating a

motion for summary judgment, the court "may not make credibility determinations or weigh the

evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the

non-moving party."  *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434

(5th Cir. 2013) (internal citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis of its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

which it believes demonstrate the absence of a genuine issue of material fact by pointing out that

the record contains no support for the non-moving party's claim."  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)).  Thereafter, if the non-movant is

unable to identify anything in the record to support its claim, summary judgment is appropriate.

*Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

## ANALYSIS

"Under Louisiana law, to prevail in an asbestos injury case, 'the claimant must show . . . he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury." *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Vodanovich v. A.P. Green Indus., Inc.*, 869 So.2d 930, 934 (La. App. 4 Cir. 2004)) (internal quotations omitted).  "To defeat an asbestos defendant's motion for summary judgment, which [are] the relevant motion[s] here, the [responding parties] need only show that a reasonable jury could conclude that it is more likely than not that [Robichaux] inhaled defendant's asbestos fibers, even if they were only 'slight' exposures." *Id.* (citing *Held v. Avondale Indus., Inc.*, 672 So.2d 1106, 1109 (La. App. 4 Cir. 1996)).  The plaintiff's burden is by a preponderance of the evidence and may be satisfied by direct or circumstantial evidence.  *Broussard v. Huntington Ingalls, Inc.*, No. 20-CV-836, 2021 WL 5448751, at *3 (E.D. La. Nov. 22, 2021) (internal citations omitted).

### I.    Whether Uniroyal Is Entitled to Summary Judgment

Plaintiffs submit evidence showing Uniroyal asbestos cloth was regularly and frequently used by and around insulators working at Avondale Shipyard during the period of Robichaux's employment.  Former Avondale Shipyard employees testified cloth with the name "Uniroyal" was "a commonplace thing" on Avondale ships and the product was "probably used by everyone in the ship at one time or another."  R. Doc. 262-8 at 18, 19.  Multiple witnesses testified Uniroyal cloth was used "throughout the engine room" to insulate pipe, which, as an insulator, was one of Robichaux's duties throughout his time at Avondale Shipyard.  R. Doc. 262-9 at 4 and 262-11 at

2-3.  It is true Uniroyal was not the exclusive supplier of asbestos cloth at Avondale Shipyard during Robichaux's employment.  The testimony of former Avondale Shipyard employees, however, establishes the use of Uniroyal asbestos cloth was routine and widespread while Robichaux worked at Avondale.  This evidence raises a genuine issue as to whether Robichaux was exposed to Uniroyal asbestos cloth while employed at Avondale Shipyard.

Plaintiffs also present summary judgment evidence showing insulators frequently inhaled dust created from asbestos cloth.  Uniroyal's corporate representative, Mr. Max McCord, testified cutting Uniroyal cloth could expose one to asbestos fibers, and a number of former Avondale Shipyard employees testified insulators commonly cut or tore asbestos cloth during the insulation process.  R. Docs. 262-5 at 12, 262-19 at 9, and 262-16 at 13.  For example, Mr. Earl Gisclair, a former Avondale Shipyard employee who worked closely with insulators, testified he saw insulators cut asbestos cloth which created dust that employees inhaled.  R. Doc. 262-19 at 9-10.  Similarly, Mr. Kevin Cortez, a former Avondale Shipyard insulator, testified he used Uniroyal asbestos cloth to insulate engine rooms and that insulators were responsible for cutting cloth as part of their work in engine rooms.  R. Doc. 262-20 at 10.  Mr. Cortez further testified cutting and tearing asbestos cloth created dust that would "fly" around the engine room.  *Id.*

Finally, Plaintiffs present evidence to support a finding that Robichaux's exposure to Uniroyal asbestos cloth substantially contributed to Robichaux's development of mesothelioma. Mr. Kenneth Garza, Plaintiffs' certified industrial hygienist expert, answered in the affirmative when asked whether he would conclude Robichaux's exposure to Uniroyal asbestos cloth increased his risk for developing mesothelioma.  R. Doc. 262-24 at 7.  Likewise, Plaintiffs' medical expert, Dr. Brett Staggs, MD, testified Robichaux's work with asbestos-containing products such as Uniroyal asbestos cloth was "a substantial contributing factor to his mesothelioma."  R. Doc.

262-25 at 2, 3-4.  There is, therefore, a genuine issue of fact as to whether Robichaux's exposure

to Uniroyal asbestos cloth was a substantial factor in Robichaux's mesothelioma, and summary

judgment, based on the record before the Court, is inappropriate.

II.     *Whether Foster Wheeler Is Entitled to Summary Judgment*

Plaintiffs submit summary judgment evidence showing Plaintiff worked on or around

Foster Wheeler boilers.  Moreover, the evidence before the Court shows Robichaux worked on

Lykes vessels while working at Avondale.  Robichaux testified he insulated in the engine rooms

of every one of the Lykes vessels Avondale manufactured, and that his duties on vessels involved

insulating boilers.  R. Doc. 272-2 at 23, 263-3 at 4, 262-2 at 2-3.  Plaintiffs offer deposition

testimony from Thomas Schroppe, Foster Wheeler's corporate representative, who testified Foster

Wheeler manufactured and sold boilers for installation by Avondale on ships, including the Lykes

vessels.  R. Doc. 263-10 at 4.  Arthur Christenson, another corporate representative for Foster

Wheeler, confirmed in deposition testimony Foster Wheeler boilers were installed on each of the

Lykes vessels.  R. Doc. 263-10 at 4 and 263-11 at 10-11.   There is, therefore, a genuine factual

dispute as to whether Robichaux worked on or around Foster Wheeler boilers at Avondale.

Plaintiffs also present evidence showing Robichaux's work with Foster Wheeler boilers

may have been a substantial factor in contributing to his development of mesothelioma.  Mr. Garza

concluded it was more likely than not the insulation Robichaux was responsible for applying to

Foster Wheeler boilers contained asbestos and that working with this insulation more likely than

not increased Robichaux's risk for developing mesothelioma.  R. Doc. 263-6 at 2-3.  Dr. Staggs

likewise found "Robichaux had significant exposures to asbestos from his frequent and proximate

work with and around asbestos containing products" and opined "to a reasonable degree of medical

certainty that Mr. Robichaux ha[d] a malignant mesothelioma and asbestosis that werecaused [sic]

5

by these identified and substantial exposures to asbestos." R. Doc. 263-7 at 25. Dr. Staggs specifically noted, provided the evidence at trial shows Robichaux was exposed at a nontrivial level to insulation applied to Foster Wheeler boilers, these exposures were a substantial contributing factor to Robichaux's development of mesothelioma. R. Doc. 263-8 at 3-4. The evidence presented to the Court raises a genuine issue of fact as to whether Robichaux's exposure to insulation applied to Foster Wheeler boilers substantially contributed to Robichaux's mesothelioma.

Foster Wheeler argues, even if Robichaux worked on or around its boilers, Foster Wheeler may not be held liable for Robichaux's development of mesothelioma because "Foster Wheeler marine boilers, when supplied at Avondale, were supplied with no exterior insulation." R. Doc. 243-5 at 3. This argument fails, however, because "there remain issues of fact as to whether Foster Wheeler supplied Avondale with asbestos-containing products to which plaintiff was exposed." No. 20-CV-2389, *Cortez v. Lamorak Ins. Co.*, 2022 WL 1320429, at *15 (E.D. La. May 3, 2022). Mr. Wirley Parks, a former Avondale boilermaker testified "erection kits" supplied by Foster Wheeler contained "every component going into the boiler," including the insulation materials. R. Doc. 263-12 at 5. Similarly, when asked whether Foster Wheeler supplied asbestos cloth, Mr. Schroppe responded "[i]f I had to bet, I would bet that it [did]." R. Doc. 263-10 at 9. Mr. Schroppe, during his deposition, reviewed a bill of lading for "insulation material, . . . asbestos, calcium, and silicate combined for use," and stated the materials were purchased by Foster Wheeler for use at Avondale Shipyard. *Id.* at 13. There are, therefore, at the very least, issues of fact as to whether Foster Wheeler supplied asbestos-containing insulation products with its boilers. Accordingly, Plaintiffs have met their burden to survive summary judgment.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** Uniroyal's Motion for Summary Judgment (Record Document 238) is **DENIED**.

**IT IS FURTHER ORDERED** Foster Wheeler's Motion for Summary Judgment (Record Document 243) is **DENIED**.

New Orleans, Louisiana, this 2nd day of October 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**