UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON ADAM ROBICHAUX, ET AL.** | **CIVIL ACTION NO: 22-CV-0610** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

## ORDER AND REASONS

Before the Court is a Motion to Continue Trial and an accompanying Motion to Expedite Consideration filed by Defendant Huntington Ingalls Incorporated ("Avondale"). R. Docs. 422 and 423. Plaintiffs Carolyn Robichaux, Scott Robichaux, and Tessa Robichaux ("Robichaux") oppose Avondale's Motion to Continue Trial. R. Doc. 426. For the reasons assigned below, it is ordered that both of Avondale's motions (Record Documents 422 and 423) are **GRANTED**.

## BACKGROUND

Mr. Felton Robichaux ("Robichaux")[1] worked as an insulator and carpenter at Avondale Shipyard from 1961 to 1979 and, as part of his job, worked with asbestos-containing products. R. Doc. 101 at ¶ 13. In January 2022, Robichaux was diagnosed with mesothelioma which Plaintiffs allege is the direct and proximate result of his work at Avondale Shipyard, as well as his exposure to other Avondale Shipyard employees. *Id.* at ¶ 20. On January 27, 2022, Robichaux filed suit in Civil District Court for the Parish of Orleans against a number of defendants who ultimately removed to this Court. R. Doc. 3.

In the midst of extensive motion practice, Avondale filed a motion for summary judgment, arguing Plaintiffs' state law claims are preempted by the Longshore and Harbor Workers' Compensation Act ("LHWCA"). R. Doc. 167. After the parties had fully briefed the issue and

---

[1] Robichaux passed away in July 2022, and Plaintiffs filed an Amended Complaint as Robichaux's survivors. R. Doc. 101.

Avondale's motion was submitted for consideration, the Fifth Circuit issued an opinion in *Barrosse v. Huntington Ingalls Incorporated*, deciding the issues raised in Avondale's motion for summary judgment. 70 F.4th 315 (5th Cir. 2023). The *Barrosse* Court held the LHWCA does not preempt state law claims if the following circumstances apply: "1) maritime workers; 2) injured in the twilight zone; 3) in Louisiana; 4) who neither seek nor obtain LHWCA compensation; and 5) whose injuries are not covered by the relevant version of the [Louisiana Workers' Compensation Act]." *Id.* at 322-23. Accordingly, this Court denied Avondale's motion for summary judgment, finding the facts of this case fall within the preemption exception outlined by the Fifth Circuit in *Barrosse*. R. Doc. 417. On September 19, 2023, Avondale filed the instant motion to continue the October 10, 2023 trial in this matter, explaining its intent to seek certiorari in the United States Supreme Court in *Barrosse*, and arguing the action of the United States Supreme Court will affect the merits of this case.[2]  R. Doc. 422-1 at 2.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Oglesby v. Masse Contracting, Inc.*, No. 19-CV-2360, 2020 WL 3063849, at *1 (E.D. La. June 9, 2020) (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has met its burden, the court must examine four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the

---

[2] Avondale's Motion to Continue is presently set for submission on October 4, 2023. Because the pretrial conference in this matter is set for October 3, 2023, Avondale seeks expedited consideration of its Motion to Continue.

relief sought; and (4) the availability of a continuance to cure such prejudice. *S&W Enter.*, 315 F.3d at536 (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

## ANALYSIS

Based on the factors outlined by the Fifth Circuit, the Court finds good cause exists to modify the scheduling order and continue trial. Turning to the first factor, the purpose for the continuance, the Court notes Avondale's request is not due to dilatory case management. Avondale seeks a continuance, not because it failed to meet a deadline in the scheduling order but because of an appeal which could have an impact on the merits of this case. This factor, therefore, weighs in favor of modification. The second factor, the importance of the requested relief, also weighs in favor of modification. In its September 11, 2023 Order and Reasons, this Court explained it "is duty-bound to follow binding Fifth Circuit precedent, and does not find, under *Barrosse*, that Robichaux's state law tort claims are preempted by the LHWCA." R. Doc. 417 at 6. Should the Supreme Court grant certiorari in *Barrosse*, its ruling will govern the law in this case, and the Court does not see the benefit of trying this case before the law applicable to it is settled.[3] The third factor requires consideration of the potential prejudice in granting the motion to continue. The Court does not pretend Plaintiffs will face no prejudice if trial is continued. In the grand scheme of civil litigation, however, this case is not particularly old, and the Court believes far more prejudice would result from trying a case only for the applicable law to potentially change.[4] For this reason, the third element weighs in favor of modification. The fourth

---

[3] Plaintiffs, in their opposition to Avondale's Motion to Continue, insist *Barrosse* is settled law, and argue Avondale's motion should be denied for this reason. The Court does not disagree *Barrosse* is settled law. Avondale's intention to petition for a writ of certiorari in *Barrosse*, however, opens up the possibility that it will not remain settled law.

[4] The average lifespan of a civil case in the Eastern District of Louisiana, excluding multi-district litigation, prisoner rights, and social security cases, is 582 days from file date to verdict. United States District Court, E.D. Louisiana, *Outcome Analytics by Party*, WESTLAW EDGE (last visited Oct. 2, 2023), https://1.next.westlaw.com/Analytics/Profil

and final factor, the availability of a continuance to cure such prejudice, likewise weighs in favor of modification. A continuance will provide time for the Supreme Court to take action in *Barrosse*, and after the Supreme Court has either denied certiorari or rendered its ruling in *Barrosse*, this Court and the parties may begin to prepare for trial with the benefit of clearly settled law.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Avondale's Motion to Expedite (Record Document 423) is **GRANTED**.

**IT IS FURTHER ORDERED** Avondale's Motion to Continue Trial (Record Document 422) is **GRANTED**. The pretrial conference and trial in this matter are **CONTINUED**, and this case is **ADMINISTRATIVELY CLOSED AND STAYED**, pending the outcome of Avondale's petition for certiorari in *Barrosse v. Huntington Ingalls Inc., et al.* regarding Avondale's immunity under the LHWCA.

**IT IS FURTHER ORDERED** Avondale shall notify the Court of the Supreme Court's decision to grant or deny Avondale's petition for writ of certiorari **within seven days of the Supreme Court's decision**.

New Orleans, Louisiana this 2nd day of October 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

er?docGUID=551&contentType=court&originationContext=typeAhead&transitionType=LegalLitigation&contextData=(sc.Default)&analyticNavigation=none&pathAnalytic=%2FAnalytics%2FHome#/court/551/partyOutcomeReport.